### TILDA ADKISSON v. THE STATE.

#### *No. 650.   Decided April 3.*

1. **Bigamy—Evidence of Former Marriage—Reputation.**—On a trial for bigamy, had reputation been the only evidence of former marriage, a charge asked by appellant, to the effect that such testimony was not sufficient proof of marriage, should have been given.  But this was not the only evidence of that fact, and the charge was properly refused.

2. **Same—Evidence of Suit for Divorce Pending.**—On a trial for bigamy, the State offered in evidence a petition for divorce filed by appellant, alleging her marriage.  *Held*, that this evidence was admissible, and in connection with the testimony of reputation, was sufficient to show her former marriage.

APPEAL from the District Court of Robertson.   Tried below before Hon. W. G. TALIAFERRO.

Appellant was convicted of bigamy, and her punishment assessed at two years' confinement in the penitentiary.

The case is sufficiently stated in the opinion.

No briefs for appellant have reached the Reporter.

*Mann Trice*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—The appellant was convicted under an indictment charging her with bigamy, and her punishment assessed at two years in the penitentiary, and from the judgment and sentence of the lower court she prosecutes this appeal.

The appellant insists, that the only evidence in the case showing a former marriage between herself and Tom Adkisson, her alleged former husband, is reputation, and that such evidence is not alone sufficient, and that the court should have given the charge asked by appellant, to the effect, that such testimony is not sufficient proof of

marriage. If such had been the state of the case presented by the evidence, it would have unquestionably been the duty of the court to have given the charge asked. See article 328, Code of Criminal Procedure. But several witnesses testify, that defendant and Tom Adkisson lived together a number of years, claiming and treating each other as husband and wife. Besides this, the petition of appellant for a divorce from Tom Adkisson, filed in the District Court of Robertson County, in which she alleged that she was duly and legally married to said Tom Adkisson, in Pitts County, in the State of North Carolina, was introduced in evidence. This evidence, in connection with the testimony of reputation, in our opinion was amply sufficient to show the intermarriage of defendant and Tom Adkisson; and the charge asked by defendant was not required. The petition for divorce was properly admitted in evidence. Holder v. The State, Dallas Term, 1895, 29 S. W. Rep., 793.

The evidence in the case was not wholly circumstantial, and there was no occasion for the court to give the charge asked by defendant on that subject. The other matters complained of by appellant are not material, and do not require notice. The judgment is affirmed.

*Affirmed.*

Judges all present and concurring.