## ED JOHNSON v. THE STATE.

### No. 2192. Decided January 23, 1901.

**1. Receiving Stolen Property—Evidence—Extraneous Crimes.**

On a trial for receiving stolen property, taken from a burglarized railroad car, it is error to admit evidence that certain railroad cars were burglarized at different times from the one mentioned in the information, the same not being contemporaneous nor tending to develop the res gestae, or to show intent or identity or systematic crime.

**2. Same—Best Evidence—Bill of Lading.**

On a trial involving the burglary of a railroad car, the bill of·lading was the best evidence of the property contained in the car, and it was error to permit a witness, over objection, to testify as to the contents of the car from a pencil memorandum made by him from the bill of lading.

**3. Same.**

On a trial for receiving stolen property, knowing it to be stolen, it is essential to prove the commission of the theft and that the party charged as receiver subsequently received the stolen property, knowing it to have been stolen.

**4. Same—Testimony of Principal.**

On a trial for receiving stolen property, where the testimony of the principal is used, and is necessary to prove the crime, such testimony must be corroborated both as to the theft and the receiving of the property by the defendant; otherwise a conviction is not justified.

APPEAL from the County Court of Dallas. Tried below before Hon. KENNETH FOREE, County Judge.

Appeal from a conviction of receiving stolen property, knowing the same to have been stolen; penalty, one day's imprisonment in the county jail.

The cause is sufficiently stated in the opinion.

*Rob't B. Seay,* for appellant.

*Rob't A. John,* Assistant Attorney-General, for the State

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of receiving stolen property from Edgar Warren and Ben Farrar, knowing the same to have been stolen, and his punishment assessed at one day's confinement in the county jail. Objection was reserved to the admission of testimony showing that certain railroad cars were burglarized at different times from the one mentioned in the information. This objection should have been sustained. Where contemporaneous crimes tend to develop the res gestae, show the intent, or identify the transaction, they are admissible; and, under certain circumstances, where system in crime is necessary to be shown. These are exceptions to the rule that extraneous crimes are not admissible in evidence. We have discussed this matter so frequently that we deem it unnecessary to cite authorities. In this connection there was no attempt at identification of any of the missing property from said cars said to be found in the possession of defendant, except by memoranda from the bill

of lading showing property of a similar character had been taken from one of said cars. Over appellant's objection the court permitted the railroad agent to testify from a memorandum made by himself from the bill of lading, soon after the alleged burglary, as to the contents of the burglarized car. The contention is that the bill of lading is the best evidence, and the employe ought not to be permitted to testify to the contents of the bill of lading, it being secondary evidence; that the bill of lading itself ought to have been introduced in evidence, and the court was requested to have said bill of lading brought in, instead of permitting the witness to testify from his pencil memorandum made therefrom. This was overruled, and the witness permitted to testify as to the contents of the car as per the memorandum. This objection should have been sustained.

It is contended the evidence is not sufficient to support the judgment. The case, in substance, was about as follows: A railroad car was burglarized, and certain property taken, among which were some tobacco and sacks. Subsequently appellant was found in possession of two sacks of a similar character to those taken from the alleged burglarized car, and some tobacco of the same brand. One of the alleged burglars was placed upon the stand, and testified that he and two others committed the burglary, and subsequently carried some of the stolen goods to appellant, who received them. There was no attempt at identification further than as stated by the railroad agent, to the effect that the car contained sacks of similar character as shown by the bill of lading. He would not undertake to identify these as the same sacks, and knew nothing about them further than shown on the face of the bill of lading. He stated the same with reference to the tobacco. The accomplice knew nothing of the sacks that had been discovered at appellant's house, and did not undertake to identify them as the sacks he had delivered. As we understand this record, there is no evidence identifying the property found in appellant's possession with that taken from the car; and we fail to discover in the statement of facts any evidence tending to corroborate the accomplice to the effect that he broke into the car, or delivered the goods to appellant. In order to make out the crime of receiving stolen property knowing it to have been stolen, it is necessary to show that a theft has been committed, and subsequently the party who is charged with receiving the property, knowing it to have been stolen, did so receive it. Where the testimony of the principal is used, his testimony must be corroborated both as to the theft and the receiving of the property by the party who is charged with that offense; otherwise, the conviction would not be justified. In two essential points the evidence in the case is insufficient: (1) As to the identification of the goods; and (2) the corroboration of the accomplice in regard to the points above designated.

There are some questions suggested for reversal with reference to the court's charge. As this record is presented, these contentions per-

haps are well taken, but the elimination of the testimony as to extraneous crimes will upon another trial, if one should occur, render it unnecessary to give the charge limiting the effect of that character of testimony. We desire to say, however, that the charge as given did not present the issues of the case to the jury as fairly as should have been done, and the special charges requested should have been given. But we mention this so that, in case of another trial, the matters may be correctly presented by the charge. The judgment is reversed and the cause remanded.

*Reversed and remanded.*