## Dot Gorrell v. The State.

### No. 2922.  Decided March 11, 1914.

**1.—Theft—Bringing Stolen Property Into this State—Indictment.**

Where the indictment, charging defendant with bringing stolen property into this State, followed article 1431, Penal Code, and approved precedent, the same was sufficient.

**2.—Same—Accomplice—Corroboration—Sufficiency of the Evidence.**

Where the testimony of the accomplice was corroborated as required by the statute, and the evidence was sufficient to sustain the conviction of bringing stolen property into this State, there was no error in refusing to submit a peremptory charge to find defendant not guilty.

**3.—Same—Evidence—Continuance—Bill of Exceptions.**

In the absence of bills of exception complaints to the introduction of testimony and the overruling of a motion for continuance can not be considered on appeal.

**4.—Same—Defendant's Failure to Testify—Misconduct of Jury.**

Where the motion for new trial complaining of the jury's allusion to the defendant's failure to testify was not sworn to or supported by affidavit or any other testimony, there was no error in overruling same.

**5.—Same—Conduct of Trial Judge.**

Where appellant complained that while the trial was proceeding, the judge vacated the bench and talked with the prosecuting attorney, but the jury could not hear the same and there was nothing to show that this conversation had any influence upon the trial, there was no error.

**6.—Same—Evidence—Acts of Defendant.**

Upon trial of theft of cattle in Oklahoma and bringing them into this State, there was no error in permitting the State to show the transaction between the witness as a banker and the defendant, and that he paid the latter fifty dollars

on a check made out by the purchaser of the cattle; the State not attempting to prove the contents of said check and the same having already been proven.

### 7.—Same—Proof of Foreign Law—Charge of Court.

Where the State was permitted without objection to show what the laws of the State of Oklahoma were, both as to theft generally and theft of cattle, and the court properly charged thereon, upon trial of theft of cattle in the State of Oklahoma and the bringing of them into this State, there was no error.

### 8.—Same—Variance—Charge of Court.

Where the indictment alleged the theft of one head of cattle in the State of Oklahoma and bringing the same into this State, and the court properly submitted his charge following the indictment, it was no variance that the evidence not only showed the theft of this one head of cattle, but others at the same time.

### 9.—Same—Accomplice—Charge of Court.

Where the charge of the court in submitting the law on accomplice testimony in substance, if not literally, followed the requested charge, there was no error in the court's refusal to submit said requested charge.

### 10.—Same—Charge of Court—Principals.

Where, upon trial of theft of cattle in another State and bringing the same into this State, defendant's companion turned State's evidence, the court properly submitted the law of accomplice, and required the jury to find that defendant was present during the commission of the offense before they could convict him.

### 11.—Same—Election by State—Charge of Court—Variance.

Where the indictment charged the theft of one head of cattle and the evidence showed the theft of more than one head of cattle, and the court properly submitted the theft of one head of cattle to the jury, there was no error in not requiring the State to elect what particular head of cattle was meant, neither was there any variance between the allegation and proof.

### 12.—Same—Charge of Court.

Where the requested charge did not disclose upon what phase of the evidence it was to apply, and it could not be told from the record what was intended thereby, there was no error in refusing same.

Appeal from the District Court of Grayson. Tried below before the Hon. John C. Wall, Special Judge.

Appeal from a conviction of bringing into this State property stolen in another State; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

PRENDERGAST, PRESIDING JUDGE.—The appellant was indicted, tried and convicted under article 1431, Penal Code, for bringing into this State property stolen in Oklahoma, and his punishment fixed at two years in the penitentiary.

The indictment follows the statute, is in accordance therewith, and

is also in accordance with the form laid down by Judge White, in section 1660 of his Annotated Penal Code, and is sufficient.

One Joe Lynch was a principal with appellant in the commission of the offense. He testified fully in the case and clearly made out the case against appellant. The court charged that he was an accomplice and that he had to be corroborated as required by the statute. The testimony, both positive and circumstantial, was amply sufficient to corroborate Lynch. The court did not err in refusing appellant's peremptory charge to find him not guilty.

The testimony as a whole, both positive and circumstantial, was amply sufficient to show that appellant and said Lynch, acting together, stole several head of cattle from the owner, Mr. Henry, in Oklahoma, near the Red River, late in the evening or early part of the night of April 29, 1913, and drove several head of said stolen cattle from Oklahoma to near Denison, in Grayson County, Texas, and that they sold them there to a man by the name of Lamb, who slaughtered them and that they each got part of the pay therefor. Among these cattle was one noted cow, thoroughly and completely identified, and her hide, after the slaughter found at Lamb's fully and completely identified as the hide of said cow and as the property of said Henry, stolen from him on the evening or night of April 29th.

Appellant, in his motion for new trial, by many grounds thereof, complains of the introduction of certain testimony over his objections and to the court overruling his motion for a continuance. There is no bill in the record to the overruling of his motion for continuance and to many of his said complaints. None of these grounds can, therefore, be reviewed by this court. We will discuss such of his bills as are in the record and made grounds of his motion for new trial.

Appellant, in one ground, complains that the jury, while deliberating on their verdict, commented upon and discussed his failure to testify. The motion is not sworn to, nor is it in any other way supported by affidavit, or any testimony and, of course, the court did not err in not granting a new trial on that account. Hicks v. State, recently decided but not yet reported.

When the time for the regular term of the court at which appellant was tried came on Judge Pearson was absent and unable to serve on account of sickness. Thereupon the bar duly and regularly elected Judge John C. Wall special judge, who accepted, qualified and held that term of court and was the presiding judge on the trial of appellant. By one bill appellant complains that while the trial was proceeding and one of the witnesses was on the stand Judge Wall vacated the bench and walked down to where the State's attorneys were engaged in the trial and in the presence of jury, for several minutes, talked to the State's counsel. Appellant objected to this. The court, in approving the bill, qualified it by stating: "That nothing spoken of between the court and attorney for the State was so spoken that he could possibly have been heard by the jury; that it in no way or manner related to how State's

attorney should frame any question to make evidence admissible, and was not intended, in any manner, to impress the jury, unless the jury could go to such a conclusion, merely from the fact that the court had a conversation with attorneys for the State." This showed no error whatever.

By another bill appellant shows that the State proved without objection that after the one head of cattle was stolen from said Henry in Oklahoma by appellant and said Lynch, that said Lynch testified that he and appellant were acting together and stole the said one head and eleven others in Oklahoma and on the same night brought them into Grayson County, Texas, and delivered them to the slaughter house of Lamb near Denison, and each received in part payment of said cattle a check for $50 from said Lamb, said Lamb knowing that said cattle had been stolen. That while Mr. Wheeler was being examined by the State, he testified, without any objection by appellant, that he had heard of said Henry having cattle stolen from him at the location from which these were stolen and that he saw defendant at the witness' bank in Kingston, Oklahoma, and had a transaction with him, but did not remember whether it was before or after he heard of the said theft; that it might have been a few days before or a few days afterwards; that the cashier of the bank went away on the morning of April 30th and returned the 8th or 9th of May, 1913, and that it was during his absence that the transaction occurred; that he had no independent recollection of the date of the check, but that the record of the bank showed that it was dated April 20, 1913. Thereupon the State asked him to tell what the transaction between him and appellant was. To which appellant excepted, because it was irrelevant, immaterial and hearsay, and that the instrument about which he was asked was dated April 20th, when the transaction between the defendant and Lamb, shown by the testimony, occurred on the 30th of April; that the instrument itself would be the best evidence of the contents and the testimony was highly prejudicial to him. The court overruled his objections and the witness testified that he cashed a check payable to said Gorrell, drawn on the First State Bank of Denison; that he paid the money to defendant; that he did not have the check in his possession; it was sent to the National Bank of Denison and the check was for $50 and signed by Lamb. The State was not attempting to prove the contents of the check. It had already been proven by other testimony not objected to by appellant. Of course, the transaction between the banker and appellant and the time it occurred and the fact that the banker paid appellant the $50 on the check, and, in fact the whole transaction between them was clearly admissible.

The State proved, without contradiction, what the laws of the State of Oklahoma were, both as to theft generally and theft of cattle. The appellant admitted that the statute of Oklahoma on theft generally was as proven up and introduced by the State, and that the statute of the theft of cattle proven up and introduced was the identical law in force,

except that the minimum punishment of two years confinement in the penitentiary had been changed so that the law then was one year instead of two confinement in the penitentiary. The court did not err in telling the jury in his charge what this law of Oklahoma was nor did the court err in telling the jury what was theft under the laws of Texas. It was necessary for him to do so in order to charge the law to the jury.

In submitting the case to the jury for a finding, the court properly required the jury to believe beyond a reasonable doubt every essential fact that was necessary to be found in order to show the guilt of the appellant before they could convict him, and in case they did so find all such facts against him beyond a reasonable doubt, then to find him guilty and assess the proper punishment therefor. It was, of course, necessary for the court to do this to properly submit the case to the jury for a finding. The fact that the indictment properly alleged the theft of one head of cattle and the charge of the court followed the indictment, it would make no difference that the evidence not only showed the theft of one head, but more than one head. This would be no variance.

In charging the law of an accomplice and applying it to the facts of this case, the court literally followed the statute and, of course, it was sufficient. The charge of the court fully embraced everything in substance, if not literally, in the charge requested by appellant and there was no error in the court's refusing his special charge on the subject.

The court did not err in charging, but correctly charged, in effect that if they believed said Lynch committed the offense alleged, if any was committed, that before they could convict appellant they must believe from the evidence, beyond a reasonable doubt, that he was present at the time said acts were committed and knew of said unlawful acts and intention of Lynch and with such knowledge aided him in such matters, and unless they so believed to acquit appellant. Said charge was a correct enunciation of the law applicable to this case.

The court gave an apt, full and correct charge submitting every issue that was raised, properly to the jury for a finding and none of appellant's objections thereto are well taken.

Wherever necessary or proper to be given the court in the main charge covered every point upon which appellant requested special charges. The indictment, having charged the theft of one head of cattle, it was neither necessary nor proper for the court to require the State to elect what particular one head of cattle was meant when the proof showed that not only one, but more than one were stolen and brought into Grayson County. This would in no way be a variance, nor require an election.

When the State introduced said witness Lynch the appellant sought to attack him by his own testimony and other testimony also that he was a morphine fiend and incompetent as a witness. In addition to his testimony on this subject, Lynch testified fully about the whole case. Appellant himself had Lynch to give a good deal of this testimony. Much of his material testimony was of things not occurring in the immediate presence of appellant. The appellant requested and the court

refused to give this charge: "Certain testimony has been admitted in evidence before you in reference to statements made by the witness Joe Lynch in the absence of the defendant, Dot Gorrell. You are instructed that you can only consider said testimony in passing upon the mental condition of the witness Joe Lynch, and you must not consider said statements for any other purposes." What this testimony is that this charge had reference to is in no way given in the charge, nor in connection therewith, nor can we tell from the record what was intended thereby. As the record presents the matter no error is shown in the court's refusal to give this charge.

The record showing no reversible error, the judgment will be affirmed.

*Affirmed.*