JIM GRANT V. THE STATE.

No. 5640. Decided February 25, 1920.

**1.—Receiving Stolen Property—Rule Stated—Circumstantial Evidence.**

To establish the offense of receiving stolen property the evidence must show beyond a reasonable doubt that the property was stolen, and that thereafter the accused received said property from the person alleged in the indictment wih fraudulent intent knowing the same to have been stolen. Following: Wilson v. State, 12 Texas Crim. App., 481, and other cases, and where circumstantial evidence was relied upon, a charge on the same should have been submitted as demanded in the instant case.

**2.—Same—Witness—Conviction—Sentence.**

A witness is not disqualified from testifying although a verdict of guilty of felony has been rendered against him for felony until his sentence is entered. Following: Arcia v. State, 26 Texas Crim. Rep., 205, and other cases.

**3.—Same—Evidence—Predicate—Harmless Error.**

Whether a sufficient predicate was laid for the introduction of the statement of a witness to support him is a matter of some doubt, but as said statement was not a controverted one there was no reversible error.

Appeal from the District Court of Upshur. Tried below before the Hon. J. R. Warren, judge.

Appeal from a conviction of receiving stolen property; penalty, three years imprisonment in the penitentiary.

The opinion states the case.

*Simpson, Lasseter & Gentry,* for appellant.—On question of disqualification of witness: Blake v. State, 81 Texas Crim. Rep., 87, 193 S. W. Rep., 10664.

On question of failure to charge on circumstantial evidence: Bloch v. State, 1 Texas Crim. Rep., 1, 193 S. W. Rep., 303; Rupe v. State 57 Texas Crim. Rep., 588, 124, S. W. Rep., 655; Runnels v. State, 77 id., 458.

*Alvin M. Owsley,* Assistant Attorney General, for the State.—On question of qualification of witness: Rangel v. State, 22 Texas Crim. App., 642.

MORROW, JUDGE.—The appellant was convicted of receiving stolen property. The State used the testimony of two accomplices to connect the appellant with the offense. One of these accomplices, Talley, testified that he stole the property and placed it in the possession of the other accomplice, Ervin, obtaining from Ervin a loan of money secured by the property; that afterwards he sold the property to appellant, the appellant paying Ervin the advancement and the other accomplice an additional amount. Ervin's testimony was corroborative of the testimony of Talley so far as it related to the transactions with Ervin, though the latter claimed to have been ignorant of the theft. Talley does not claim to have told the appellant that the goods were stolen, and to prove this fact the State relies wholly upon circumstances. To establish this offense the evidence must show beyond a reasonable doubt that the property was stolen, and that thereafter the accused received the property from the person alleged in the indictment with fraudulent intent, knowing the same to have been stolen. Wilson v. State, 12 Texas Crim. App., 481; Johnson v. State, 42 Texas Crim. Rep., 441. The bare fact that he received the stolen property is not sufficient to show that it was stolen. Estes v. State, 23 Texas Crim. App., 611; Castleberry v. State, 35 Texas Crim. Rep., 383. The possession of the stolen property, together with other facts, was a circumstance from which the inference of guilty knowledge might be drawn, but was an inference only, and when relied on for conviction it required a charge on the law of circumstantial evidence where, as in this case, it was demanded by the appellant.

The witness Talley, though the jury had rendered against him a verdict of guilty of a felony, was not disqualified as a witness, he having not been sentenced at the time his testimony was given. It was so decided on account of the peculiar language of our statute, the court saying:

"It is the sentence, therefore, and not the judgment, which under our code concludes the prosecution in the trial court, and until it has been pronounced it cannot be said that the conviction in the trial court is complete so as to work a forfeiture of civil rights." Arcia v. State, 26 Texas Crim. App., 205; Branch's Annotated Texas Penal Code, sec. 17. Where appeal is taken, these rights survive the sentence until it becomes final on the appeal.

Whether a sufficient predicate was laid for the introduction of the statement of the witness Ervin to support him is a matter, in the judgment of the writer, of some doubt. Inasmuch as the character of the statement related only to a phase of the case which was not a controverted one, namely, that the stolen property was in possession of appellant, we regard its admission as harmless.

The refusal of the appellant's request to charge on the law of circumstantial evidence requires a reversal of the judgment, which is ordered.

*Reversed and remanded.*