### W. A. Eads v. The State.

No. 7122.   Decided November 1, 1922.

**Receiving Stolen Property—Circumstantial Evidence—Requested Charge.**

Where upon trial of fraudulently receiving stolen property the evidence was circumstantial as to the gravamen of the offense, and the defendant requested a charge upon the law of circumstantial evidence, which the court refused, the same was reversible error. Wilson v. State, 12 Texas Crim. App., 481, and other cases.

Appeal from the County Court of Collingsworth.   Tried below before the Hon. C. C. Small.

Appeal from a conviction of fraudulently receiving stolen property under the value of $50.00; penalty, a fine of $30.00 and 30 days confinement in the county jail.

The opinion states the case.

*Templeton & Templeton,* for appellant.—On question of circumstantial evidence; Jordan v. State, 238 S. W. Rep., 230; Miller v. State, 225 S. W. Rep., 379; Ross v. State, 9 Texas Crim. App., 275.

*R. G. Storey,* Assistant Attorney General, for the State.

MORROW, Presiding Judge.—The conviction is for fraudulently receiving stolen property; punishment fixed at a fine of $30 and confinement in the county jail for a period of thirty days.

Lon Wellborn was the owner of a Winchester rifle. He left it at his home on the 6th of February, and on the 13th day of that month it was found in the home of the appellant. The evidence touching the circumstances under which it was found is conflicting. A search-warrant was obtained, and the officer executing it was unable to find the property. After he failed to do so, the appellant produced the gun. According to the officer. It was behind a cupboard, and appellant took out a pannel and produced the gun. It was undisputed that at the time he explained that it was left at his house by some boys a few days before.

There was evidence introduced tending to connect the appellant with the possession of some bridles that were missed by Wellborn at the same time. These facts are also controverted. Appellant's evidence and that of his wife was to the effect that the gun had been left at the home of the appellant by Earl Wellborn, a brother of Lon Wellborn, and another person by the name of Stinson; that they put the gun in the house and requested that it remain there as they were going across the border; that the gun was not hidden but was sitting in the corner; that the officers failed to find it and the appellant produced it; that it had not been moved since it was placed there by the parties mentioned.

Earl Wellborn testified and disclaimed any connection with the taking of the gun, and a motion for continuance was made because of the absence of Stinson. Some circumstances were introduced, going to support the appellant's theory that the gun was left at his home by the parties named.

Appellant requested that the law of circumstantial evidence be given to the jury. This was refused and an exception duly reversed.

Appellant's possession of the property was conceded. The controverted question was his knowledge that it was stolen. This was the gravemen of the offense. It was competent to deduce guilty knowledge from the circumstances, but the court was not warranted in refusing to charge the law of circumstantial evidence for the guidance of the jury. Cases in point are Wilson v. State, 12 Texas Crim. App., 481; Johnson v. State, 42 Texas Crim. Rep., 441; Estes v. State, 23 Texas Crim. App., 611; Castleberry v. State, 35 Texas Crim. Rep., 383; Grant v. State, 87 Texas Crim. Rep., 19

The judgment is reversed and the cause remanded.

*Reversed and remanded.*