### EADS v. STATE. (No. 7122.)

(Court of Criminal Appeals of Texas. Nov. 1, 1922.)

**Criminal law ⊜⇒784(1)—Where guilty knowledge is deducible from circumstances, refusal of an instruction on circumstantial evidence is error.**

Where it was shown that defendant under prosecution for receiving stolen goods produced the goods after officers searching his home had failed to find it, and stated that it had been left there by a brother of the prosecuting witness and another, *held* that denial of an instruction relative to the law of circumstantial evidence was error.

Appeal from Collingsworth County Court; C. C. Small, Judge.

W. A. Eads was convicted of receiving stolen goods, and he appeals. Reversed and remanded.

Templeton & Templeton, of Wellington, for appellant.

R. G. Storey, Asst. Atty. Gen., for the State.

MORROW, P. J. The conviction is for fraudulently receiving stolen property; punishment fixed at a fine of $30 and confinement in the county jail for a period of 30 days.

Lon Wellborn was the owner of a Winchester rifle. He left it at his home on the 6th of February, and on the 13th day of that month it was found in the home of the appellant. The evidence touching the circumstances under which it was found is conflicting. A search warrant was obtained, and the officer executing it was unable to find the property. After he failed to do so, the ap-

pellant produced the gun. According to the officer, it was behind a cupboard, and appellant took out a panel and produced the gun. It was undisputed that at the time he explained that it was left at his house by some boys a few days before.

There was evidence introduced tending to connect the appellant with the possession of some bridles that were missed by Wellborn at the same time. These facts are also controverted. Appellant's evidence and that of his wife was to the effect that the gun had been left at the home of the appellant by Earl Wellborn, a brother of Lon Wellborn, and another person by the name of Stinson; that they put the gun in the house and requested that it remain there, as they were going across the border; that the gun was not hidden, but was setting in the corner; that the officers failed to find it, and the appellant produced it; that it had not been moved since it was placed there by the parties mentioned.

Earl Wellborn testified and disclaimed any connection with the taking of the gun, and a motion for continuance was made because of the absence of Stinson. Some circumstances were introduced, going to support the appellant's theory that the gun was left at his home by the parties named.

Appellant requested that the law of circumstantial evidence be given to the jury. This was refused, and an exception duly reserved.

Appellant's possession of the property was conceded. The controverted question was his knowledge that it was stolen. This was the gravamen of the offense. It was competent to deduce guilty knowledge from circumstances, but the court was not warranted in refusing to charge the law of circumstantial evidence for the guidance of the jury. Cases in point are Wilson v. State, 12 Tex. App. 481; Johnson v. State, 42 Tex. Cr. R. 441, 60 S. W. 667; lustes v. State, 23 Tex. App. 611, 5 S. W. 176; Castleberry v. State, 35 Tex. Cr. R. 383, 33 S. W. 875, 60 Am. St. Rep. 53; Grant v. State, 87 Tex. Cr. R. 19, 218 S. W. 1062.

The judgment is reversed, and the cause remanded.