BILL HIX v. THE STATE.

No. 12662. Delivered November 27, 1929.

The opinion states the case.

*R. H. Templeton* of Wellington, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is receiving stolen property; the punishment confinement in the penitentiary for two years.

Appellant admitted that he had been in possession of the cow and calf E. Holman testified had been stolen from him. Relative to his possession, appellant testified that his father had bought the cow and calf from one Jack Grant; that, at the instance of his father, he, appellant, had gone with Jack Grant to bring the cattle to his father; that he did not know the cattle had been stolen. Testifying for the state, Grant stated that he had no connection whatever with the stolen cattle, other than that appellant had paid him to help him bring them to town.

The indictment contained two counts, one charging appellant with theft of the cattle, and the other with receiving them from Jack Grant, knowing them to have theretofore been stolen by said Grant. As to theft, the court charged on the law of circumstantial evidence, but as to the offense of receiving stolen property the charge on circumstantial evidence was omitted. Appellant objected in writing. As stated, appellant's possession of the stolen cattle was conceded. The controverted question was his knowledge that said cattle were stolen. This was the gravamen of the offense. In order to show guilty knowledge, the state relied upon circumstances. Hence the

court was not warranted in omitting to charge the law of circumstantial evidence as applied to receiving the stolen cattle. Grant v. State, 218 S. W. 1062; Eads v. State, 244 S. W. 603.

As shown by bills of exception Nos. 2 and 3, appellant offered to prove by certain witnesses that Jack Grant made declarations to said witnesses relative to his, Grant's, guilty connection with the cattle. This testimony was rejected. The declarations seem to be within the announcement of the decisions that the declarations of a third party admitting his guilt of the crime for which the accused is upon trial are admissible where the state is relying solely upon circumstantial evidence and the guilt of such party is inconsistent with the guilt of the accused, and the facts show that such party was so situated that he might have committed the crime. Wise v. State, 273 S. W. 850; Stone v. State, 265 S. W. 900.

For the error discussed, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.