EARL WILSON v. THE STATE.

No. 13041. Decided March 12, 1930.
Rehearing denied June 11, 1930.
Reported in 28 S. W. (2d) 804.

The opinion states the case.

*Tatum & Strong,* of Dalhart, and *Bledsoe, Crenshaw & Dupree,* of Lubbock, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

LATTIMORE, Judge.—Conviction for receiving and concealing stolen property; punishment, two years in the penitentiary.

Appellant owned a ranch, and, according to the State's theory of the case, needed cotton-seed cake with which to feed his cattle. He approached two men engaged in hauling and trucking to know if they knew where he could get any. They informed him that they did, but that the cake belonged to another ranchman who was a friend of one of the men thus approached. A price was agreed upon, and thereafter at night the two men went in a truck to the ranch of Mr. Coble situated across the line in New Mexico. From this ranch the said two men took fifty sacks of cotton-seed cake of value exceeding one hundred dollars, brought it back to appellant's house where it was put in appellant's garage and later taken out to his ranch. He paid the two men the price agreed upon.

In his brief appellant sets up that the indictment herein is fatally defective in that it did not allege the fraudulent taking of property of value in New Mexico, and that this would be theft under the laws of that State. Said indictment charges that appellant, in Dallam county, Texas, received and concealed property of the value of one hundred and twenty-five dollars, which had theretofore been acquired by B and K in such manner as that same came within the meaning of the term theft, etc. No attack was made on the indictment in the trial court, and we think it not subject thereto had same been timely made. The authorities cited have application to the offense set out in Art. 1559, P. C., which forbids the bringing of stolen property into this State, or forbids the bringing of stolen property which has been received and concealed in another state, into this State. The writer is of opinion that such authorities have no application, and that the reason is apparent. In charging one with the offense set out in said Art. 1559, supra, it is necessary to allege that the things done by the accused were not only done in another state than Texas, but also that afterward the property thus stolen in another state, or received and concealed in another state in violation of the law of that state, was brought into Texas. Not so here. Everything done by the accused is alleged to have been done by him in Texas. The offense against him is fully described in the indictment. He is there apprised of every act of his relied on by the State as criminal, among which is included his reception of the property from another, and its prior acquisition by theft; but under all the authorities the name of the thief need not be alleged, nor need the time or place of the theft be stated, nor the facts constituting such

theft.   State v. Perkins, 45 Tex. 10; Nourse v. State, 2 Texas Crim. App. 304; Brothers v. State, 22 Texas Crim. App. 447; Hodges v. State, 22 Texas Crim. App. 415; Mehlman v. State, 92 Texas Crim. Rep. 559.   We see nothing wrong with the indictment.

It is also insisted that the State fell short in making proof of the fact that the property in question was acquired by B and K in such manner as to make it theft.   Theft and larceny are synonymous. Mathews v. State, 36 Tex. 675. See Bailey v. State, 18 Texas Crim. App. 426.   The State introduced in evidence a part of the statutes of New Mexico which read as follows:

"§ 1525.   Grand Larceny.   Sec. 76.   Every person who shall commit the crime of larceny, by stealing of the property of another any money, goods, etc., if the property stolen shall exceed the value of twenty dollars, shall be punished as provided in section 1529."

The State also introduced Section 1529 of said statutes which sets out the punishment for such larceny as confinement in the penitentiary for not less than one year nor more than ten years.   This we think proof enough, and that there is nothing in the point presented.

Matters of objection to the charge, advanced in appellant's brief but not shown by exceptions taken thereto at the time of trial, can not be considered.   It could make no difference in determining appellant's guilt whether the original taker violated the laws of New Mexico or of Texas in committing such theft.   The issue, as stated in the charge of the court was, was the property stolen, and did appellant knowing that fact receive and conceal same, the latter proposition relating of course to a transaction occurring in Texas.   The court's application of the law to the facts fully set this out.   There was no exception to the charge for failure to explain the laws of New Mexico relating to theft.

The court gave a special charge requested by appellant to the effect that unless the jury believed beyond a reasonable doubt that appellant knew the cake in question was stolen, at the time he got same, they should acquit him.   What is said by this court in Gorrell v. State, 164 S. W. Rep. 1012, has no application here, but relates to the offense above referred to and described in Art. 1559, P. C.

Appellant excepted generally to the charge for its failure to submit affirmatively the defensive theory, but at the same time presented the special charge above referred to, which was given, and which fully presented the only defensive issue suggested, viz.: that the cake in question was bought by appellant from Larry Kehoe without knowledge that same was stolen.   The jury were told therein that

if they so believed or had a reasonable doubt thereof, they should acquit.

The exception to the charge on the ground that the court erred in submitting appellant's guilt of receiving and concealing,—for the alleged reason that there was no testimony showing any concealing, is without merit. Such charge but followed the indictment, and was supported by testimony. That no injury resulted, is manifest from the verdict which gave the appellant the lowest penalty.

The case was not one on circumstantial evidence. The accomplice witness Barton completely made out the State's case by direct testimony. When this is true, and the question is as to the sufficience of the corroboration, there is no need for a charge on circumstantial evidence. The court gave the usual charge on the necessity for corroboration of an accomplice witness, and informed the jury that they could not convict unless they believed beyond a reasonable doubt that there was evidence other than that of the accomplice tending to connect the accused with the commission of the offense charged. There was no exception to the court's charge in this regard. Appellant asked a special charge upon the question of corroboration, which was correctly refused. It is now insisted that the charge should have told the jury that the accomplice would have to be corroborated both as to the fact of the theft and of appellant receiving and concealing the alleged stolen property. The authorities cited are not apt. Cone v. State, 216 S. W. Rep. 190, was a case in which Cone was prosecuted *as an accomplice,* and what was said in the opinion in that case had reference to such situation, and appears to have no bearing here. Johnson v. State, 60 S. W. Rep. 667, was reversed for insufficient evidence. There seems no question but that in this case the accomplice was fully corroborated as to the fact of the theft. He gave the quantity and the description of the cotton-seed cake taken, as well as the time of the taking and the character of vehicle used in the transportation. The owner of the stolen property gave a corresponding description of the property lost by him at said time, and also described corresponding tracks of the vehicle used.

We can not agree that the corroborating facts are not sufficient to tend to connect appellant with the receiving and concealing the property in question. Circumstances from many different witnesses furnish facts which seem ample to support the conclusion of the jury. We do not deem it of any value to set same out at length.

Being of opinion the case was fairly tried, and that the facts are sufficient, and observing nô error in the record, the judgment will be affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—The gravamen of the offense of which appellant was convicted was receiving stolen property with knowledge that it had been so acquired. Wharton's Crim. Evidence, Vol. 1, Sec. 35, page 135; Mehlman v. State, 92 Tex. Cr. R. 557, 244 S. W. 602. It is appellant's contention that while the accomplice Barton gave direct testimony regarding the theft of the property and the delivery of it to appellant, yet the fact that appellant knew the property had been stolen was established by proof of circumstances only, hence that the court was in error in declining to charge on circumstantial evidence as to that phase of the case. If appellant is correct in his position that guilty knowledge of appellant was shown only by circumstances his legal proposition is directly supported by Grant v. State, 87 Tex. Cr. R. 19, 218 S. W. 1062; Eads v. State, 92 Tex. Cr. R. 492, 244 S. W. 603; Hix v. State, 21 S. W. (2d) 1054; Bloch v. State, 81 Tex. Cr. R. 1, 193 S. W. 303; Nichols v. State, 39 Tex. Cr. R. 80, 44 S. W. 1091; King v. State, 19 S. W. (2d) 52. This situation has necessarily caused us to again carefully review Barton's evidence. It was not necessary that Barton or anyone else say to appellant in so many words, "This property we are delivering to you is stolen property." The question is, does Barton's testimony amount to direct evidence on the point of appellant's knowledge that it had been acquired by theft?

On direct examination Barton testified that appellant asked witness and Kehoe if they could get any cotton-seed cake, to which Kehoe replied that he did not know of any but that witness replied that he knew where there was some but that Mr. Coble was a pretty good friend of his and that he would not go after it, whereupon appellant said, "To hell with friendship, money is bigger than friendship," after which witness said, "We decided finally that we could get two and a half tons from out there, and we went out that night and got the cake"; appellant had agreed to pay $35.00 per ton for it; that when they got to appellant's home that night about two-thirty he came out and told Kehoe to back his (appellant's) car out of the garage and to put the cake in there. Upon cross-examination the witness said that during the conversation appellant said, "You boys

get the cake and I will give you $35.00 per ton for the two and a half tons." Further testifying on redirect examination Barton said that while they were talking and before appellant left that witness told appellant that he (witness) knew where Mr. Coble's cake was, but that he did not want to get it because he was a good friend of witness' to which appellant replied, "To hell with friendship, if you had rather have friends than money, it is all right." It appears from the record that an examining trial had been held upon the charge against appellant and that Barton had testified at such examining trial, and upon the instant trial appellant himself introduced Barton's testimony taken at said examining trial. It appears to have gone into the record for all purposes as we find no limiting charge with reference thereto. In that statement Barton testified that he told appellant and Kehoe that he (witness) knew where they could get some cake at Emmett Coble's place and that "we arranged and agreed with him that we could go and get it"; that appellant agreed to receive the cake at his garage and later take it out to his ranch; that appellant did receive the cake at the garage at two-thirty or three o'clock in the morning and paid the agreed price therefor on the next day and the day after. Many circumstances in addition were proven which go strongly to show appellant's guilty knowledge that he was receiving stolen property. We are not able to escape the conclusion that Barton's direct testimony with reference to the matter removed the case from the rule invoked by appellant.

The jury were told that Barton was an accomplice, and that they could not convict on his testimony unless they believed it was true and showed that appellant was guilty of the offense as charged, and even then they could not convict unless there was other testimony corroborating that of the accomplice and tending to connect appellant with the commission of the offense, if any.

Appellant now contends that the offense was a compound crime consisting first of stealing property, and second of appellant receiving it, with knowledge of the theft, and therefore that the court should have told the jury that the accomplice must be corroborated on both elements of the crime. Appellant's position is supported inferentially at least by Hanks v. State, 55 Tex. Cr. R. 405, and Bloch v. State, 81 Tex. Cr. R. 1, 193 S. W. 303, and by analogy is supported by Slaughter v. State, 218 S. W. 767 and Brewer v. State, 93 Tex. Cr. R. 213, 246 S. W. 663. We find it unnecessary to discuss the merits of the contention as the question is not properly

before us. No exception was filed to the charge given pointing out in any way what is now claimed to be a defect therein.

The court was justified in refusing the special charge requested because he had already instructed on the subject. No specific objection to the charge given was called to the court's attention either in the requested charge, or by proper written exception. This calls for application of the rule recognized in Walker v. State, 89 Tex. Cr. R. 76, 229 S. W. 527; Boaz v. State, 89 Tex. Cr. R. 515, 231 S. W. 790; Parker v. State, 98 Tex. Cr. R. 209, 261 S. W. 782.

It is not thought necessary to discuss other questions raised in appellant's motion. The disposition heretofore made of them is thought to be correct.

The motion for rehearing is overruled.

*Overruled.*