HAROLD PANNELL v. THE STATE.

No. 14791.  Delivered June 8, 1932.
Reported in 51 S. W. (2d) 398.

The opinion states the case.

*Baskett & DeLee,* of Dallas, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is receiving stolen property; the punishment, confinement in the penitentiary for five years.

On the 22nd of November, 1930, L. L. Duncan parked his automobile on a street in the city of Dallas, and upon his return in about thirty minutes it was gone. On the following day J. M. Duncan, a brother of the injured party, was riding along a street in Dallas. According to

his testimony, he saw appellant and another man driving the stolen car. He said that when appellant saw him he increased the speed of the car and ran to the end of the street where he and his companion abandoned the car. He testified that he pursued appellant and finally caught him. At this point we quote the testimony of the witness as follows: "When I finally caught him I asked him where he got the car. As to what he said, he was run down and when I first talked to him he said if I would let him go, he had just got out of trouble, and would pay for the car, any damages he had done to it, and did not want to get in any more trouble. As to what he said about the other fellow that was in the car, he told me that when he found it was a stolen car he jumped out, when I asked him about the other boy. I don't know who the other boy was. This defendant told me he did not have anything in the world to do with it, that he jumped out of the car as soon as he found it out."

Appellant testified that he did not steal the car, and declared that he was not in it on the occasion Mr. Duncan took him into custody. He said that he was walking at the time Mr. Duncan came up. He testified that he did not know anything about the stolen automobile. Further, he testified that on the night the car was taken he was at home. Several witnesses testified to the effect that appellant was at his home at the time of the alleged theft.

Appellant timely and properly excepted to the charge of the court for its failure to embody an instruction covering the law of circumstantial evidence. The gravamen of the offense for which appellant was convicted was receiving stolen property with the knowledge that it had been so acquired. Mehlman v. State, 92 Texas Crim. Rep., 557, 244 S. W., 602; Wilson v. State, 115 Texas Crim. Rep., 308, 28 S. W. (2d) 804. Appellant contends that the fact that he knew the property had been stolen was established by circumstances only, and that hence the court was in error in declining to charge on circumstantial evidence as to that phase of the case. The state evidently relied on the statement appellant made to Mr. Duncan at the time he took him into custody as furnishing direct evidence of guilty knowledge. If it is only by a process of inference from the statement that it can be determined that appellant had knowledge that the automobile was stolen, a charge of circumstantial evidence was required. Branch's Annotated Penal Code, sec. 1873; Eckert v. State, 9 Texas App., 105; Harris v. State, 15 Texas App., 638; Trijo v. State, 45 Texas Crim. Rep., 131, 74 S. W., 546. The rule is stated by Judge Lattimore in Leggett v. State, 99 Texas Crim. Rep., 172, 268 S. W., 750, 753, as follows:

"It is the rule that confessions of guilt suffice to take a case out of the realm of circumstantial evidence, but in order to do this the confession must be such as that the court or jury can determine therefrom that the accused did the act or was a guilty participant therein, and is not

compelled to arrive at that conclusion by the process of inference or reasoning. Eckert v. State, 9 Texas App., 105; Harris v. State, 15 Texas App., 638; Trijo v. State, 45 Texas Crim. Rep., 131, 74 S. W., 546; Early v. State, 50 Texas Crim. Rep., 344, 97 S. W., 82; Joyce v. State, 90 Texas Crim. Rep., 269, 234 S. W., 895; Ellsworth v. State, 92 Texas Crim. Rep., 334, 244 S. W., 147."

The statement made by appellant was not unequivocal. He did not declare that he knew the car was stolen. It is only by the process of inference or reasoning that it can be determined from the statement that appellant had guilty knowledge that the car was stolen. In an unbroken line of decisions this court has held in cases of receiving stolen property that, if guilty knowledge is shown alone by circumstances, the trial court is not warranted in omitting to charge the law of circumstantial evidence. Hix v. State, 113 Texas Crim. Rep., 382, 21 S. W. (2d) 1054; Grant v. State, 87 Texas Crim. Rep., 19, 218 S. W., 1062; Eads v. State, 92 Texas Crim. Rep., 492, 244 S. W., 603. The opinion is expressed that error is presented.

If another trial be had, the allegation in the indictment that the party from whom appellant received the stolen property was unknown to the grand jury should be supported by proof. Ireland v. State, 100 Texas Crim. Rep., 496, 272 S. W., 181, and authorities cited.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.