## J. D. CLINNARD V. THE STATE.

No. 23235. Delivered November 28, 1945.
Rehearing Granted January 2, 1946.
Rehearing Denied February 20, 1946.

The opinion states the case.

*McIntosh & Duncan,* of Gilmer, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is bigamy. The punishment assessed is confinement in the state penitentiary for a term of two years.

It is charged in the indictment, omitting the formal parts, "that on or about the 26th day of December, A. D., 1944, and anterior to the presentment of this Indictment, in the County and State aforesaid, J. D. Clinnard, did then and there unlawfully marry Ina Faye Hargett, he, the said J. D. Clinnard, then and there having a former wife, to-wit: Mildred Wilson Clinnard, then living, and he, the said J. D. Clinnard, had theretofore, to-wit, on the 28th day of January, A. D. 1941, lawfully married her, the said Mildred Wilson Clinnard," etc.

Appellant challenges the sufficiency of the evidence to sustain his conviction. He bases his contention upon two grounds: First, that the evidence fails to show that Mildred Wilson Clinnard, his alleged former wife, was living at the time that he married Ina Faye Hargett; and second, that the State proved that he was married to a girl named Mabel in 1933, which was prior to the time he married Mildred Wilson Clinnard, from whom he had not been divorced at the time he married Mildred Wilson, which constitutes a fatal variance between the allegation and the proof.

We are not favorably impressed with his first contention for the reason that the Sheriff of Upshur County testified that he received a certain document (presumably a letter) bearing the U. S. A. postmark January 19, 1945, and Mrs. Bessie Wilson, the mother of Mildred Wilson Clinnard, testified that she knew the handwriting of her daughter, Mildred Wilson Clinnard; that the document and the envelope received by the sheriff bore the handwriting of her daughter, Mildred, and contained her signature. This is a most significant circumstance when taken in connection with the other testimony given by Mrs. Wilson to the effect that she had heard from her daughter, Mildred Wilson Clinnard, in the month of August, 1944. It is our opinion that this evidence is sufficient upon which the jury could base their conclusion that she was alive on the 26th day of December, 1944, at which time he married Ina Faye Hargett.

Appellant's second contention is without merit. The statement of facts, as agreed to by appellant's attorneys and ap-

proved by the presiding judge, shows that appellant testified, among other things, as follows:

"At one time, I was married to a girl named Mabel but don't remember when I married her—been so long. I would not swear it was May 29, 1933. * * * I didn't get a divorce. She got it. (in Sept. 1940)."

Consequently his theory that there is a variance between the allegations in the indictment and the proof is not sustained by the record but, on the contrary, is contradicted by it. The woman named Mabel, having obtained a divorce, his subsequent marriage to Mildred Wilson was legal, and his marriage thereafter to Ina Faye Hargett without having first obtained a divorce from Mildred Wilson Clinnard constituted a bigamous marriage. The jury evidently did not believe his testimony to the effect that he thought he had obtained a divorce from Mildred Wilson before he married Ina Faye Hargett. At least, his evidence on the subject is so vague and is contradicted by circumstances as justified the jury in rejecting it.

Having reached the conclusion that the evidence is sufficient to sustain the conviction, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON APPELLANT'S MOTION FOR REHEARING.

HAWKINS, Presiding Judge.

In his motion for rehearing appellant stresses the omission of the trial court to charge on circumstantial evidence. The point was raised by timely objection to the charge, but was not briefed, and, therefore, was overlooked in considering the case originally.

It is necessary to prove the first marriage, and that the wife of that marriage was living when the alleged bigamous marriage was entered into. Each are equally material. Harris v. State, 72 Tex. Cr. R. 117, 161 S. W. 125 is authority on the proposition that if the first marriage is proven by circumstances a charge on circumstantial evidence is called for. Likewise, we are of opinion if the fact that the first wife was living when the

bigamous marriage took place is proven by circumstances a charge on circumstantial evidence is called for. The facts of the present case bring it within the rule.

The motion for rehearing is granted, the opinion of affirmance is set aside, and the judgment of the trial court is reversed and the cause remanded.

ON STATE'S MOTION FOR REHEARING.

BEAUCHAMP, Judge.

The State's motion for rehearing challenges the correctness of our opinion on appellant's motion for rehearing.

It is admitted in the State's motion that these are three constituent elements of the offense of bigamy,—"(1) the former or valid marriage of the accused (2) the subsequent marriage of the accused to another in this State, and (3) that the former husband or wife of the accused was living at the time of the alleged bigamous marriage." It is argued that because the State proved the two marriages by direct testimony, no necessity arose for charging upon circumstantial evidence although the State relied on such evidence to establish that the wife of the first marriage was living when the alleged bigamous marriage occurred. By the same course of reasoning it would result that if only one necessary element of the crime was shown by direct evidence and the other two by circumstantial evidence it would still not be necessary to charge on circumstantial evidence. It would follow that no necessity arises to charge on that character of evidence unless all three elements of the offense were proven by circumstances. Such a conclusion would appear to be in direct conflict with Harris v. State, 72 Tex. Cr. R. 117, 161 S. W. 125, cited in the opinion granting appellant's motion for rehearing. In Adkisson v. State, 34 Tex. Cr. R. 296, 30 S. W. 357, is found a statement upon which the State relies. The only point pertinently decided in that case was that accused was not entitled to have the jury told that a marriage could not be established by proof alone of reputation of such marriage, because the evidence went much further than proof of reputation, the State there showing that accused had admitted the first marriage in a petition for divorce. The opinion is quite short and it cannot be determined what phase of the case the writer had in mind when he said it was not wholly upon circumstantial evidence.

Many cases may be found which in principle support the opinion on appellant's motion for rehearing, but we refer to

only two analogous classes of cases. (a) Where accused is prosecuted for receiving or concealing stolen property knowing it to have been so stolen, two elements enter into the crime. (1) That the property had been stolen, (2) that accused knew it was stolen property when he received or concealed it. If either element is proved by circumstantial evidence a charge upon the subject is necessary if requested. Pannel v. State, 121 Tex. Cr. R. 515, 51 S. W. (2d) 398, and cases cited therein. Wilson v. State, 115 Tex. Cr. R. 308, 28 S. W. (2d) 804, and cases cited. (b) Where accused is prosecuted for passing a forged instrument knowing it to have been forged. It must be shown (1) that it was forged, and (2) that accused knew it. If either is shown by circumstantial evidence a charge upon that subject must be given if requested. Marsingle v. State, 91 Tex. Cr. R. R. 617, 240 S. W. 556; Mixon v. State, 129 Tex. Cr. R. 584, 90 S. W. (2d) 832; Cox v. State, 92 Tex. Cr. R. 497, 244 S. W. 605; Rodifer v. State, 119 Tex. Cr. R. 124, 43 S. W. (2d) 931; Nichols v. State, 39 Tex. Cr. R. 80. The case last cited is perhaps the leading case upon the subject. The State was there making the same contention as is being urged here. The contention was not sustained. Judge Hurt wrote the opinion for the court and his observances are interesting.

Believing the present case is ruled by the same principle as in receiving stolen property, and passing a forged instrument, the state's motion for rehearing is overruled.