## J. D. CLINNARD V. THE STATE.

No. 23470. Delivered November 6, 1946.
Rehearing Denied December 18, 1946.

The opinion states the case.

*McIntosh & Duncan,* of Gilmer, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

The appeal is from a conviction of a charge of bigamy with a penalty of two years in the penitentiary.

This is the second appeal of the case (see Clinnard v. State, page 152 of this volume and 192 S.W. (2d) 282). The case was reversed because the court failed to give a charge on circumstantial evidence. In the state of the record as it now appears before us, the fact that the lawful wife, Mildred Wilson Clin-

nard, was living at the time of the alleged bigamous marriage was proven by direct testimony. Consequently, it was not, at this trial, incumbent upon the court to charge on circumstantial evidence.

The only other question presented by the brief and oral argument in the case was predicated on the refusal of the court to charge on mistake of fact. This contention is based on the testimony of Lila Maud Sharp, a sister of the appellant, who testified in his behalf that she had a conversation with the accused "about his divorce between him and Mildred and told him his divorce papers were there." She added:"That was with reference to him and Mildred." The papers so delivered to her brother are not in evidence in the case and the appellant himself did not testify as to the contents or offer any evidence thereon. There is no evidence indicating any diligence on his part to learn whether or not his wife, Mildred Wilson Clinnard, had secured a divorce. There is no indication in the record that she had taken any action toward getting a divorce or discussed doing so. The statement by Mrs. Sharp, as above quoted, is meaningless as presented.

This court has held in Gillum v. State, 147 S. W. (2d) 778, that one charged with bigamy must exercise diligence and make a bona fide effort to ascertain the truth of the rumor that the spouse had obtained a divorce before such party would be relieved from guilt in contracting a second marriage. The appellant in the instant case offered no proof that he even read the papers handed to him by his sister and there is no effort to show that he exercised any diligence whatsoever to learn whether or not his wife had secured a divorce, even if such papers should have had the effect of putting him on inquiry. The court was left to assume that the papers in question led the appellant to believe his wife was divorced. No such implication would arise. Consequently, the court was under no duty to submit to the jury an issue on the subject.

Finding no error in the record, the judgment of the trial court is affirmed.

## ON MOTION FOR REHEARING.

KRUEGER, Judge.

Appellant, in his motion for a rehearing, strenuously insists that we erred in the disposition of this case on the original submission thereof in our conclusion that the issue of mistake of

fact relative to a divorce from Mildred Wilson Clinnard was not raised by the evidence. We have again re-examined the statement of facts most carefully but find nothing therein which leads us to a different conclusion from that expressed in the original opinion.

Believing that the case was properly disposed of originally, the motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.