### IRA BURTON V. THE STATE.

No. 9434.   Delivered November 11, 1925.

1.—Receiving Stolen Property—Confession of Defendant—Admissibility—Practice in Trial Court.

Where a confession of accused is offered in evidence by the State, and is objected to by him, it is proper practice for the trial court to retire the jury and hear evidence on the issue, and decide whether the defendant was or was not under arrest at the time the confession was made, as was done in the instant case. If appellant is not satisfied with the decision of the trial court, he can bring forward in a proper bill all of the evidence presented on the issue for review on his appeal. For case elucidative see Bingham v. State 97 Tex. Crim. Rep. 596. Also see Branch's Ann. P. C., Sec. 62.

2.—Same—Evidence Held Sufficient.

Where, on a trial for receiving stolen property, it is necessary for the State to show knowledge on the part of appellant, that the property in his possession was stolen. This knowledge on his part may be proven

by circumstances as well as by direct evidence, and we are of the opinion that the circumstances shown in this record were sufficient to fix guilty knowledge as to this fact upon the appellant, and finding no error in the record the judgment is affirmed.

Appeal from the Criminal District Court of Dallas County. Tried below before the Hon. Felix D. Robertson, Judge.

Appeal from a conviction of receiving stolen property, penalty five years in the penitentiary.

The opinion states the case.

*Calloway, Dalton & Calloway*, for appellant.

*Shelby Cox*, District Attorney; *Wm. McCraw*, Assistant District Attorney; *Sam D. Stinson*, State's Attorney; *Nat Gentry, Jr.*, Assistant State's Attorney, for the State.

HAWKINS, JUDGE. Conviction is for receiving stolen property over the value of $50 with punishment fixed at five years in the penitentiary.

On the 6th of November W. H. Langley's place of business was burglarized and between thirteen and fifteen cases of cigarettes taken, being worth in the neighborhood of $50 per case.

The evidence sustains the State's theory that the theft was committed by one Jesse Dumont, and that appellant, with knowledge that the property had been so stolen, was aiding in disposing of it. The testimony shows that appellant sold a quantity of the cigarettes at a greatly reduced price. The officers received information to this effect and recovered the cigarettes, which were identified by the owner.

The only bill of exception in the record complains of the reception in evidence over appellant's objection of the testimony of one of the officers as to a statement made by appellant, it being appellant's contention that he was under arrest at the time. After the officers had ascertained that appellant had been selling a quantity of cigarettes they went to appellant's home, called him out and asked him where he had gotten the cigarettes he had been selling. Appellant denied that he had sold any cigarettes. It is appellant's contention that he was under arrest at the time he made such denial. The qualification to the bill (which was accepted without objection) shows that when the question as to the admissibility

of this evidence arose the court excluded the jury and heard testimony on the point and decided that appellant was not under arrest at the time the statement was made. The qualification further recites that the officer testified he had no intention of arresting appellant at the time he went to his house and had not arrested him at the time the statement was made. Whatever be the intention of the officer, if he had not arrested accused and accused was not apprised of his intention to arrest him at the time the statements are made they are admissible if accused did not reasonably believe himself to be under arrest. It is not altogether the intention of the officer that governs the matter. Many cases are cited by Mr. Branch in his Ann. Tex. P. C. under Sec. 62 which illustrate the principle just stated. The learned trial judge in the present instance appears to have followed the suggestion of this court in Bingham v. State, 97 Tex. Cr. R. 596, 262 S. W. 747. A question arose in that case whether a statement which the State was seeking to introduce was made at a time when defendant was under arrest. The defendant requested the court to hear preliminary proof upon the point in the absence of the jury, which request was denied. This court said:

"If he (the court) had heard preliminary proof in the jury's absence, as requested by appellant, and then admitted the evidence complained of, this court would have known from the ruling that in the opinion of the learned trial judge the confession was made when appellant was not under arrest; if appellant was aggrieved at the court's ruling the evidence heard upon the preliminary examination could have been brought forward in a proper bill of exception in order that we might say whether the court had misused his discretion in deciding a preliminary question of fact in determining the admissibility of evidence which was of vital importance to the State if admissible, and of injury to appellant if inadmissible."

It was further stated in that opinion:

"When appellant objected to the reception in evidence of the statements made by him asserting that he was under arrest, the court should have retired the jury, and heard the testimony pro and con upon that issue, and determined whether the proffered evidence was admissible. Appellant then, as well as this court, would have had the benefit of his judgment in the matter. As it is both are deprived of it."

The learned trial judge in the present instance did retire the jury when the objection was made, heard the evidence,

and now certifies that he reached the conclusion that appellant was not under arrest at the time he made the statement. If appellant was not satisfied with the ruling of the trial court he should have brought forward in a proper bill of exceptions all of the evidence heard by the court upon the point in order that we might determine whether the discretion lodged in the trial judge had been abused. In the absence of such a showing we must presume the ruling of the court was correct.

We are not in accord with appellant's contention that the record fails to show knowledge on the part of appellant that the cigarettes in question had been stolen. This knowledge on his part may be proven by circumstances as well as by direct evidence and we are of opinion the circumstances shown in the record were sufficient to fix guilty knowledge as to this fact upon appellant.

Finding no error in the record the judgment is affirmed.

. *Affirmed.*