## H. B. SEARS V. THE STATE.

No. 10425.   Delivered January 26, 1927.

Rehearing denied March 9, 1927.

**1.—Receiving and Concealing Stolen Property—Argument of Counsel—Not Excepted To—No Error Presented.**

Where appellant complains in three bills of exception of the argument of counsel for the state, no objection having been offered to such argument when delivered, his bills cannot be considered. Unless objection to argument is called to the court's attention at the time the objectionable statements are made, they cannot ordinarily be taken advantage of by later complaint. Following Harris v. State, 93 Tex. Crim. Rep. 544, and other cases cited.

**2.—Same—Argument of Counsel—Not Improper.**

Where counsel for the state in his argument to the jury stated, "You are trying the slickest thief ever brought before this court," and upon objection being made to the statement, the District Attorney replied that he was basing the statement on the evidence, and that he thought it was a legitimate deduction to be drawn therefrom, we are impressed from the evidence that the District Attorney was not unwarranted in that conclusion.

ON REHEARING.

**3.—Same—Guilty Knowledge—Sufficiently Shown.**

On rehearing appellant insists that the evidence is not sufficient to show that the stolen property found in his possession was known by him to have been stolen when it came into his possession. Guilty knowledge may be implied from facts showing the property to have been received by the accused under circumstances such as would satisfy a man of ordinary intelligence that the property was stolen. The circumstances in this case are amply sufficient to support this conclusion. Following Murio v. State, 31 Tex. Crim. Rep. 210; Hogg v. State, 146 S. W. 195, and Stanfield v. State, 165 S. W. 217.

Appeal from the District Court of Stephens County. Tried below before the Hon. C. O. Hamlin, Judge.

Appeal from a conviction for. receiving and concealing stolen property, penalty four years in the penitentiary.

The opinion states the case.

*Hawkins, Hawkins & David* of Breckenridge, and *Stuart, Morgan & Duval* of Fort Worth, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

HAWKINS, JUDGE.—Conviction is for receiving and concealing stolen property over the value of fifty dollars. The punishment is four years in the penitentiary.

E. R. Liner was an oil well driller, and in the fall of 1925 was drilling a well in Stephens County near the Young County line. Appellant knew the location of this well, having been there one time at least with Liner. Accused had talked to Liner about working for him on this well, but for some reason changed his mind about it. About the last of November a number of well-drilling tools were stolen from this well. Their value was several hundred dollars. Later some of this property was found by the owner in Cross Plains in a yard belonging to J. W. Meeker, who was engaged in buying and selling second-hand oil well supplies. Some time in November appellant (giving his name as Bill Williams) told Meeker he had some second-hand tools to sell and made arrangements with Meeker to leave them in the latter's yard. Later a truck load of tools arrived at the yard, and a week or two later other tools were also brought and left for Williams, who claimed them, offered them for sale, and wanted Meeker to try and sell them for him. Meeker did not know the Liner property from other articles left for Williams, but the value of all of it was between $1,200.00 and $1,500.00. The parties who delivered the property at Meeker's yard for appellant were seen with him; they were making demands on him for money and he was making efforts to, and did, secure some for them. In his connection with the stolen property appellant represented himself as Williams, and as being a contractor from Colorado who was bringing his tools into the Cross Plains oil field to find work, but was at the same time offering them for sale. Appellant did not testify. No evidence was introduced explaining his connection with the stolen property save as the conclusion may be drawn from the circumstances and facts shown. The fact was established that the Liner property had been stolen and also that recently thereafter appellant was claim-

ing ownership of it. These points are not seriously questioned by accused, but his contention here is that the evidence fails to show that he knew the property was stolen when he received it.

Manifestly it is impracticable for us to set out in detail in our opinion all the evidence. The point urged demanded a careful scrutiny of the facts. A careful examination of them leaves upon us the same impression which the jury must have received from having them recited by the witnesses and which is reflected in their verdict. From the whole record we think the jury not unwarranted in concluding that appellant knew the tools had been stolen when they were delivered at Meeker's yard, where appellant took control of them.

There are four bills of exception in the record complaining of argument of counsel for the state. No objection appears to have been made to the statements complained of in bills Nos. 1, 2 and 3, but the point is briefed on the theory that the court should of his own motion have stopped the argument. Unless objection to argument is called to the court's attention at the time the objectionable statements are made, they cannot ordinarily be taken advantage of by later complaints. Harris v. State, 93 Tex. Crim. Rep. 544, 249 S. W. 485; Simmons v. State, 93 Tex. Crim. Rep. 421, 248 S. W. 392; Hicks v. State, 97 Tex. Crim. Rep. 373, 261 S. W. 579; Ross v. State, Tex. Crim. Rep. ——; 277, S. W. 667. We find nothing in the arguments complained of calling for action on the court's part in the absence of objection.

The language of the District Attorney to the jury complained of in bill No. 4 was, "You are trying the slickest thief ever brought before a court." In explaining the bill the learned trial judge says that upon objection being made to the statement just quoted, the District Attorney stated that he was basing the statement on the evidence, and that he thought it was a legitimate deduction to be drawn therefrom. We are impressed from the evidence that the District Attorney was not unwarranted in that conclusion.

The judgment is affirmed.                    *Affirmed.*

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE. — The sufficiency of the evidence to show guilty knowledge is challenged. Such knowledge may be implied from facts showing the property to have been received by the accused under circumstances such as would satisfy a man of ordinary intelligence and caution that the prop-

erty was stolen. See Murio v. State, 31 Tex. Crim. Rep. 210; Hogg v. State, 146 S. W. 195; Stanfield v. State, 165 S. W. 217.

In the present instance, circumstances were relied upon. The possession of the stolen property by the appellant was proved. The time and manner of its receipt by him were not explained by any direct testimony. We learn from the statement of facts that the property was stolen about the last of September. About the 20th of November following appellant appeared at a point in another county from that in which the property had been lost and reported to Meeker that he had certain property at various places of which he was desirous of disposing and arranged with Meeker to receive the property. Later it was brought to Meeker's place in a truck. As we understand the record, in his dealings with Meeker the appellant used an assumed name; that besides the truck driver two other persons were present when the property was delivered; that appellant was called by his given name; that they remained in the locality for some time and demanded money of him and received it. At just what time the property came into the possession of the appellant is not shown. It does appear, however, from his statement to Meeker that he had the property on hand or under his control before he arranged with Meeker to receive it. His possession of the recently stolen property was a circumstance against him, especially as it was unexplained. His dealing with it in another locality under peculiar circumstances, going under an assumed name, and responding to the demands of others for the payment of money, are circumstances upon which the inference that appellant had knowledge that the property was stolen is founded.

Our re-examination of the record in the light of the motion for rehearing leaves us of the opinion that in approving the verdict upon the facts detailed before the jury, the learned trial judge committed no error.

The motion for rehearing is overruled.          *Overruled.*