BILL OWENS V. THE STATE.

No. 17383. Delivered March 13, 1935.

The opinion states the case.

*L. B. Aultman,* of Mexia, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was charged by the first count in the indictment with the theft of property over the value of $50.00, and in the second count with knowingly receiving and concealing such property. Upon his trial he was convicted of the offense of knowingly receiving and concealing stolen property, and his punishment was assessed at confinement in the State penitentiary for a term of two years.

The only ground upon which the appellant relies for a reversal of the judgment is that the evidence is insufficient to sustain his conviction of the offense of knowingly receiving and concealing stolen property. The testimony adduced by the State shows that on or about the 29th day of April, A. D. 1934, there was taken from the possession of F. P. Hutchenson, an agent of the Southern Pacific Railroad Company, 13 brass Gate valve stems, three brass Gate valves, and one Globe valve, the aggregate value of which was over Fifty Dollars. Said property was taken from the possession of Hutchenson without his consent. This property, or at least property of the same kind, size, number and description was subsequently found in the possession of Morris Leach, a junk dealer, and was identified as that taken from Hutchenson. Leach testified that he purchased it from appellant and Lewis Gibbs; that just prior to the time he purchased the property, the appellant approached him and told him, Leach, that he had some brass which he desired to sell; that it was at his home, and he gave Leach direction as to how to get to his, appellant's, home. When Leach arrived at appellant's home Lewis Gibbs was there and he, Leach, purchased the property from appellant; that when he paid the agreed price for the property the appellant demanded payment in change so that the two could divide the proceeds of said sale between themselves. If this testimony stood alone, it would present a most serious question as to whether it would sustain a conviction of the offense of which he was convicted, but appellant proved by one Aus Jackson that on or about

the 29th day of April, A. D. 1934, Lewis Gibbs offered to sell to him, Jackson, the property alleged to have been stolen; that Lewis Gibbs had it in a sack and that the appellant was not present. He was not anywhere around. The appellant's mother testified that on Sunday Lewis Gibbs came to her home where she and appellant resided and brought the alleged stolen property in a sack and left it in her yard. The next day when Leach, the junk dealer, came to her home Lewis Gibbs sold the property to Leach; that the appellant was there in the yard near the house but had nothing to do with making the sale. We think this is sufficient to show that Lewis Gibbs stole the property and that appellant received it from Gibbs knowing it to have been stolen and sold it to Leach. It is true that the State's case rests on circumstantial evidence, which the trial court realized and fully instructed the jury on the law of circumstantial evidence.

The facts proven, the credibility of the witnesses, and the weight to be given to their testimony was within the exclusive province of the jury, and their findings is binding on this court unless we can say as a matter of law that the facts and circumstances proven are insufficient to establish the appellant's guilt beyond a reasonable doubt. We believe that the facts and circumstances proven in the instant case presents a stronger case against appellant than the facts in the case of Sears v. State, 291 S. W., 547, which was affirmed by this court.

No reversible error appearing in the record, the judgment of the trial court is in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commision of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.