Willie Earl BRADSHAW, Appellant,

v.

The STATE of Texas, Appellee.

No. 44955.

Court of Criminal Appeals of Texas.

June 7, 1972.

Rehearing Denied July 26, 1972.

Douglas R. Bergen, Waco, for appellant.

Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for receiving and concealing stolen property. The jury assessed the punishment at ten years.

The sufficiency of the evidence is challenged.

Durwood B. Inmon, owner of Inmon's Motor Shop, testified that on August 24, 1970, he noticed four motorcycles and five helmets missing from his shop.

Harold F. Denton of the Waco Police Department testified that on September 1, 1970, a rainy night, around 2:30 a. m., he went to 1609 Austin in Waco and looked into a small garage off the alley. There he saw two motorcycles inside the garage. He entered the garage to compare the serial numbers with those of four motorcycles reportedly stolen from Inmon's · Motor Shop and found that they matched two of the four numbers. Officer Denton also noticed that one motorcycle was repainted black and saw a can of black paint in the garage. He then joined another officer and they set up a surveillance about 100 feet from the garage. Around 6:00 a. m., while it was dark, a truck with four persons inside went directly to the garage. The officers watched as the four moved the motorcycles from the garage through a window, loaded them on the truck, and covered them with a tarpaulin. The window was between one and two feet off the ground and opened on hinges like a door. The door of the garage was locked. The two officers thought it best not to arrest the four persons in the alley until help arrived. The two followed the truck out of the alley until they were joined by a patrol car. They then arrested the persons in the

truck. Later Inmon identified the two motorcycles as stolen from his shop.

The appellant testified that he and four other persons were together at the Auction Barn, a cafe, sometime after 2:30 a.m. on the day in question. Richard Saenz, appellant's co-defendant, mentioned that someone "asked him if he would pick up some motorcycles for him while he was getting his car fixed." At about 5:00 a.m., they went to Alton Glenn's house and drank coffee until around 5:30 when they went to Charlie Long's house. At Long's house the appellant, Richard Saenz, Alton Glenn and Charlie Long got in the latter's truck. They drove to 1609 Austin where they loaded the motorcycles on the truck, covered them because of the rain, and left. The appellant testified that there was no conversation about the motorcycles being stolen, and he never thought for a minute that they were stolen.

Charlie Long, after immunity was granted him, testified that around 4:00 a.m. on the date in question he went to the Auction Barn and found Alton Glenn, the appellant and Richard Saenz. Glenn asked Long if he would keep some motorcycles for him which were to be sold the next morning. Long was to receive $100.00 for hiding the motorcycles; the others, including appellant, were to split the remainder when they were sold. On cross-examination, Long said he knew nothing about the theft until he was arrested.

The trial court instructed the jury that Long was an accomplice witness and charged them on the law in this regard; namely, that there must be "other evidence in the case, outside the evidence of said Charlie Long, tending first, to show the commission of the alleged theft of the property by persons unknown from Durwood Inmon, and tending second, to connect the defendant with the commission of the offense charged against him in the indictment, that is, fraudulently receiving or concealing stolen property, knowing it to have been so acquired . . . ."

This Court stated in Odom v. State, 438 S.W.2d 912:

"The test of the sufficiency of corroboration of an accomplice witness is to eliminate the evidence of the accomplice from consideration and then examine evidence of other witnesses to ascertain if there be inculpatory evidence or evidence of incriminating character which tends to connect the accused with the commission of the offense."

Appellant was convicted pursuant to Article 1430, Vernon's Ann.P.C., which provides:

"Whoever shall receive or conceal property which has been acquired by another in such manner as that the acquisition comes within the meaning of the term theft, knowing the same to have been so acquired, shall be punished in the same manner as if he had stolen the property."

■ An essential element of the crime of receiving or the crime of concealing stolen property is knowledge on the part of the accused that the property received or concealed by him is stolen. See 5 Branch's Ann.P.C.2d, Section 2724, page 168.

■■ In the present case appellant was arrested while possessing without explanation recently stolen property. This alone is not sufficient to show that he knew it was stolen. Hochman v. State, 146 Tex.Cr.R. 23, 170 S.W.2d 756. It is a circumstance which must be coupled with other significant circumstances to justify an inference of knowledge that the property was stolen. Pollan v. State, 157 Tex.Cr.R. 178, 247 S.W.2d 889; Grant v. State, 87 Tex.Cr.R. 19, 218 S.W. 1062. In Sears v. State, 106 Tex.Cr.R. 219, 291 S.W. 547, this Court held:

". . . Such knowledge may be implied from facts showing the property to have been received by the accused under circumstances such as would satisfy a man of ordinary intelligence and caution that the property was stolen . . . ."

This circumstance plus the others surrounding the removal of the motorcycles through the garage window testified to by Officer Denton are sufficient to tend to connect the appellant to the commission of the offense with which he was charged, including the element of guilty knowledge that they were stolen.

We overrule the contentions on the sufficiency of the evidence.

■■ Complaint is made that the trial court erred in failing to grant his motion for a continuance after the trial had begun and when the co-defendant Long was granted immunity. His contention is that this was a "surprise" and required the granting of a continuance under Article 29.13, Vernon's Ann.C.C.P. Such a motion during the trial is addressed to the sound discretion of the court. See 1 Branch's Ann.P.C.2d, Section 361, and cases there cited. Since Long was a co-defendant in the case, appellant knew or should have known that, even if immunity was not granted, Long could have testified in his own behalf and equally have implicated the appellant. The present case does not present the kind of surprise which could not have been anticipated. No abuse of discretion is shown.

■ In his third ground of error, appellant complains of the trial court's refusal to grant his pretrial motion for discovery regarding police reports. Police reports have been held to be excepted by the discovery statute, Article 39.14, V.A.C.C.P. Feehery v. State, Tex.Cr.App., 480 S.W.2d 649 (May 9, 1972); Hart v. State, Tex.Cr.App., 447 S.W.2d 944.

No error is shown. The judgment is affirmed.