**Billy Joe POOL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 50168.**

Court of Criminal Appeals of Texas.

Oct. 15, 1975.

Gene A. Garcia, Court appointed, Rockport, for appellant.

John H. Flinn, Dist. Atty., Sinton, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

Appeal is taken from a conviction for theft. Punishment enhanced[1] under the provisions of V.T.C.A. Penal Code, Sec. 12.-42(d)[2] was assessed at life.

The indictment alleged the primary offense occurred on or about the 2nd day of April, 1974, and the record reflects that trial was in July, 1974.

Appellant challenges the sufficiency of the evidence to support the conviction.

The pertinent portion of the indictment alleging the primary offense recites that appellant

" . . . did then and there unlawfully exercise control over property, other than real property, to wit, one radar, one radio receiving set and one tape recording player of the value of more than $200.00 and less than $10,000.00 said property having been stolen in Aransas County, Texas the said Billy Joe Pool knowing said property to be stolen, without the effective consent of Robert Coaker, the owner thereof, and with intent to deprive Robert Coaker of said property."[3]

Robert Coaker testified that the items in question were removed from his shrimp boat on April 2, 1974, without his consent.

Sheriff Hewes of Aransas County testified that he took a written confession from one David Hale regarding the offense. A portion of said confession was admitted into evidence reflecting that Hale and one John Peoples entered the Coaker boat during the early morning of April 2, 1974, and took the equipment in question.

Sheriff Hewes further testified that he and Ranger Peters went to Brownsville on April 5, 1974, and recovered a part of a radar set, a light, a stereo, a radio and a transmitter from one Gilbert Cortez and delivered these items to Coaker. Coaker identified the articles as being the equipment stolen from his boat on April 2, 1974.

Gilbert Cortez, operator of the Siesta Lounge in Brownsville, testified that appellant lived next door to his lounge. On April 2, 1974, appellant asked Cortez if he had a place to store some equipment and Cortez allowed appellant to place same in the trunk of Cortez' car. Cortez stated that this was the same equipment he turned over to Sheriff Hewes and Ranger Peters.

An essential element of the offense alleged is knowledge on the part of the accused that the property over which he exercised control was stolen.

The State urges that the evidence showing appellant in unexplained possession of recently stolen property is sufficient to support the conviction.

---

1. In the event of retrial, we call attention to that portion of Art. 36.01, V.A.C.C.P. which requires, "When prior convictions are alleged for purposes of enhancement only and are not jurisdictional, that portion of the indictment or information reciting such convictions shall not be read until the hearing on punishment is held as provided in Article 37.07."

2. V.T.C.A. Penal Code, 12.42(d) provides: "If it be shown on the trial of any felony offense that the defendant has previously been finally convicted of two felony offenses, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction he shall be punished by confinement in the Texas Department of Corrections for life."

3. The indictment is under the following Section of V.T.C.A. Penal Code (effective Jan. 1, 1974):
"Sec. 31.03. Theft
(a) A person commits an offense if, with intent to deprive the owner of property:
(1) he obtains the property unlawfully; or
(2) *he exercises control over the property, other than real property, unlawfully.*
(b) Obtaining or exercising control over property is unlawful if:
(1) the actor obtains or exercises control over the property without the owner's effective consent; or
(2) The property is stolen and the actor obtains it from another *or exercises control over the property obtained by another knowing it was stolen.*" (Emphasis supplied)

The offense charged in the instant case is similar to the offense denounced under Art. 1430, V.A.P.C., providing:

"Whoever shall receive or conceal property which has been acquired by another in such manner as that the acquisition comes within the meaning of the term theft, knowing the same to have been so acquired, shall be punished in the same manner as if he had stolen the property. O.C. 745a; Acts 1858, p. 180; Acts 1897, p. 26."

In *Bradshaw v. State*, Tex.Cr.App., 482 S.W.2d 233, this Court said:

"An essential element of the crime of receiving or the crime of concealing stolen property is knowledge on the part of the accused that the property received or concealed by him is stolen. See 5 Branch's Ann.P.C.2d, Section 2724, page 168.

"In the present case appellant was arrested while possessing without explanation recently stolen property. This alone is not sufficient to show that he knew it was stolen. *Hochman v. State*, 146 Tex. Cr.R. 23, 170 S.W.2d 756. It is a circumstance which must be coupled with other significant circumstances to justify an inference of knowledge that the property was stolen. *Pollan v. State*, 157 Tex. Cr.R. 178, 247 S.W.2d 889; *Grant v. State*, 87 Tex.Cr.R. 19, 218 S.W. 1062."

Clearly, the quantum of proof in showing knowledge on the part of the accused that the property over which he exercised control was stolen is no less under the offense alleged under V.T.C.A. Penal Code, Sec. 31.03 in the instant case.

We conclude that the State did not sustain its burden in proving an essential element of the offense, knowledge on the part of appellant that the property over which he exercised control was stolen.

In view of our disposition of this case, we do not pass upon appellant's other contentions, including the contention that proof of sequence of prior convictions was not properly proved.

The judgment is reversed and the cause remanded.

Opinion approved by the Court.