**Lynn E. WALKER, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 52068.

Court of Criminal Appeals of Texas.

June 9, 1976.

J. P. Darrouzet, Austin, for appellant.

Robert O. Smith, Dist. Atty. and Stephen H. Capelle, Asst. Dist. Atty., Jim Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

DAVIS, Commissioner.

Appeal is taken from an order revoking probation.

On April 11, 1974, appellant pleaded guilty to the offense of burglary of a vehicle. Punishment was assessed at five years probated.

The State filed a motion to revoke appellant's probation on May 15, 1975, alleging that he violated that condition of his probation which required that he "commit no offense against the laws of this or any State or the United States" in that "he

committed the offense of theft in that on or about February 1, 1975, in the County of Travis, State of Texas, the defendant with intent to deprive the owner, Thomas P. Spurlock, of property, namely, Diamond Rings, did unlawfully exercise control over property which had a value of more than $200.00 but less than $10,000."

After a hearing on May 19, 1975, the court entered an order revoking appellant's probation, finding that appellant had violated his probation, the court's finding reciting that appellant committed the offense as same was alleged in the motion to revoke.

Appellant contends that the evidence was insufficient to support the court's finding. In support of this contention appellant urges there was no evidence that appellant knew these rings were stolen.

It is undisputed that appellant was not one of the persons who participated in the theft of diamond rings from Woods' Jewelry in San Marcos on January 30, 1975. Three individuals, Patricia Smallwood, Robert Powell and David Harvey, were named as the persons who stole the rings. Appellant's statement, introduced into evidence, reflects that appellant saw Smallwood, Powell and Harvey in Austin on January 31, 1975, at which time Powell showed appellant a diamond ring and asked appellant if he wanted to buy it. Appellant declined, stating that he did not have enough money, but that he would try to sell it for him. Appellant told the others "I'll take you to Jay Thompson's house and try to sell the ring." In route appellant inquired about two rings on Powell's fingers and Powell told appellant "If I could sell them to go ahead." Powell told Smallwood to let appellant see the rest of them and "Smallwood pulled out a napkin from her bra, in it was four rings, three small one and one large one." Thompson was not home and it was agreed that appellant and the others would try to see Thompson at Thompson's Feed Store on South Congress Avenue the following day. According to plan appellants, Powell, Harvey and Smallwood went to Thompson's store the next day. According-

ing to appellant's statement Thompson had told him that he and his wife wanted rings. Thompson made an offer of one thousand dollars for the rings to appellant and appellant carried this message to his three companions who were not privy to the offer. They agreed to accept Thompson's offer and appellant returned to where Thompson was and made a trade with him to sell the rings for $1,250.00. Appellant retained the amount in excess of one thousand dollars.

In *Pool v. State*, 528 S.W.2d 255 (Tex.Cr. App.) this Court found that the quantum of proof in showing knowledge on the part of the accused that the property over which he exercised control was stolen is no less under V.T.C.A. Penal Code, Sec. 31.03, than it was under Art. 1430, V.A.P.C. (receiving and concealing stolen property).

In *Bradshaw v. State*, 482 S.W.2d 233 (Tex.Cr.App.) where the conviction was for receiving and concealing stolen property under Art. 1430, supra, it was noted and explained that possession of recently stolen property is not sufficient to show knowledge that the property was stolen. "It is a circumstance which must be coupled with other significant circumstances to justify an inference of knowledge that the property was stolen."

The State urges that the court had many reasons to disbelieve appellant's testimony at the hearing that he was told that the rings were obtained in a trade for marihuana. The State points to the fact that appellant was convicted in the primary offense of burglary of a vehicle and urges from this, "It could be presumed that he had knowledge of the process by which stolen goods are fenced." The State urges that testimony that appellant associated with the thieves, did not think it was odd for Powell to be willing to sell the rings off his fingers and was not suspicious of Smallwood having her rings in her bra were other significant circumstances.

The State argues that the probation report which the appellant urged the court to consider contained evidence of appellant's guilt in that the probation officer stated

therein "The subject was aware of what he was involved in when the offense was committed." The State argues that appellant admitted that the rings came from the owner alleged in the motion to revoke when he answered "Yes" to the State's question "The only thing you are denying is your knowledge of their being stolen, is that right?"

While knowledge that property was stolen may be implied from circumstances, *Sears v. State*, 106 Tex.Cr.R. 219, 291 S.W. 547, we cannot conclude that the State sustained its burden in proving an essential element of the offense, knowledge on the part of appellant that the rings in question were stolen.

We find that the trial court abused its discretion in revoking appellant's probation on a ground not supported by the evidence.

The order of revocation is reversed and the cause is remanded.

Opinion approved by the Court.