John Wayne EHRMAN, Appellant,

v.

The STATE of Texas, Appellee.

No. 59361.

Court of Criminal Appeals of Texas, Panel No. 1.

Jan. 17, 1979.

Rehearing Denied May 23, 1979.

Tom Mills, Dallas, for appellant.

Henry M. Wade, Dist. Atty., Steve Wilensky and Rick Russell, Asst. Dist. Attys., Dallas, and Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and ROBERTS and W. C. DAVIS, JJ.

## OPINION

ONION, Presiding Judge.

This is an appeal from an order revoking probation. On February 15, 1978 appellant pled guilty to the offense of felony theft. The trial court assessed punishment at three (3) years' imprisonment but suspended the imposition of the sentence and placed the appellant on probation subject, inter alia, to a condition that he commit no offense against the laws of this or any other state or the United States.

On March 16, 1978 the State filed a motion to revoke probation. In pertinent part, the motion alleged that "on the 23rd day of February, 1978" the appellant did "knowingly and intentionally appropriate stolen property . . . of value of more than $20 but less than $200.00 . . . knowing the property to be stolen by another." It was also alleged that the violation-offense occurred after February 15, 1978 and during the term of probation. A hearing was held on said motion on March 17, 1978, at the conclusion of which probation was revoked on the ground alleged. Sentence was imposed and notice of appeal was given.

On appeal appellant contends the evidence was insufficient to show he committed the offense as alleged in the revocation motion, and that the court erred in admitting evidence of items seized in the search of his home since the court refused to require the State at the revocation hearing to produce the search warrant under which the search was conducted by police officers.

Billy Yenny testified that she and her husband, Albert, had been on a weekend trip between February 3rd and 5th, 1978, and upon their return in Dallas they found certain items, alleged in the revocation motion, missing from their home. On February 23, 1978, after searching appellant's apartment, several officers of the Dallas Police Department testified that they found items alleged in the revocation motion and identified at the revocation hearing by Billy Yenny as belonging to her or her husband. They also found many items, several carloads full of stolen property, in appellant's apartment.

Appellant testified he had committed no offense after he was granted probation on February 15, 1978, and his wife testified her husband ran newspaper ads in the Dallas newspapers that he bought "gold, silver and

diamonds" and that people came to the house to sell things to her husband.

V.T.C.A., Penal Code, § 31.03, reads in part:

"(a) A person commits an offense if he unlawfully appropriates property with intent to deprive the owner of property.

"(b) Appropriation of property is unlawful if:

"(1) it is without the owner's effective consent; or

"(2) the property is stolen and the actor appropriates the property knowing it was stolen by another."

The revocation motion, mentioned above, was drafted under said § 31.03(b)(2). The offense charged is similar to the receiving or concealing of property offense under the former Penal Code. See Article 1430, V.A.P.C., 1925. Under the former Code, an essential element of the offense of receiving or concealing stolen property is knowledge on the part of the accused that the property received or concealed by him was stolen. See *Bradshaw v. State*, 482 S.W.2d 233 (Tex.Cr.App.1972); 5 Branch's Ann.P.C., 2nd Ed., § 2724, p. 168.

■ Under the present Code, it has been held that knowledge that the property is stolen is still an essential element of the offense under V.T.C.A., Penal Code, § 31.-03(b)(2). *Pool v. State*, 528 S.W.2d 255 (Tex.Cr.App.1975); *Cooper v. State*, 537 S.W.2d 940 (Tex.Cr.App.1976). And this is true even though the offenses of theft have been consolidated. See V.T.C.A., Penal Code, § 31.02.

The appellant urges that the State is bound to prove what it alleged in the revocation motion and contends the evidence is insufficient to show that he appropriated the property knowing it to be stolen. He calls attention to those cases decided under the former Penal Code that unexplained possession of recently stolen property is not alone sufficient to show that the accused knew the property was stolen in a receiving or concealing stolen property case. See *Pool v. State*, supra; *Bradshaw v. State*,

supra; *Bobo v. State*, 361 S.W.2d 376 (Tex. Cr.App.1962); *Hochman v. State*, 170 S.W.2d 756 (Tex.Cr.App.1943). See also *Jackson v. State*, 464 S.W.2d 153 (Tex.Cr. App.1971); *Hodges v. State*, 160 S.W.2d 262 (Tex.Cr.App.1942); *Castleberry v. State*, 35 Tex.Cr.R. 382, 33 S.W. 875 (1896). Appellant argues that no proof was offered who committed the burglary at the Yenny home and no showing how he acquired possession of the items allegedly stolen.

This may all be true, but we observe that there is another provision of the Penal Code section under which appellant is charged which must be noted. V.T.C.A., Penal Code, § 31.03(c)(1), reads:

"(c) For purposes of Subsection (b)(2) of this section:

"(1) evidence that the actor has previously participated in recent transactions other than, but similar to, that which the prosecution is based is admissible for the purpose of showing knowledge or intent and the issues of knowledge or intent are raised by the actor's plea of not guilty."

■ It is observed that appellant pled "untrue" to the allegations in the revocation motion, and we observe that this raised the issue of knowledge.

■ The trial court could take judicial notice of the judgment convicting appellant of felony theft which resulted in appellant being placed on probation only eight days prior to the alleged offense, as well as the evidence that appellant's apartment was full of stolen items of property. Further, knowledge that goods have been stolen may be established by circumstantial evidence. *Burton v. State*, 277 S.W. 390 (Tex.Cr.App. 1925); *Rodriguez v. State*, 115 S.W.2d 905 (Tex.Cr.App.1938); *Owens v. State*, 80 S.W.2d 316 (Tex.Cr.App.1935).

■ We conclude the evidence is sufficient to sustain the allegations in the revocation when the burden of proof on the State is considered. *Scamardo v. State*, 517 S.W.2d 293 (Tex.Cr.App.1974).[1]

1. In a supplemental brief, appellant calls attention to *Walker v. State*, 539 S.W.2d 894 (Tex. Cr.App.1976), a revocation of probation case, where *Pool v. State*, supra, and *Bradshaw v.*

Next, appellant contends the State was required to produce a search warrant when such warrant was demanded at the revocation hearing when evidence of the search was offered.

When a search has been conducted by virtue of a search warrant, and a timely objection is made, it is incumbent upon the State to produce and exhibit to the court a valid search warrant. If the State fails to do so, and without more, the appellant's objection is overruled permitting evidence of the search and its fruits to be admitted, reversible error will result. *Vines v. State*, 397 S.W.2d 868 (Tex.Cr.App.1966); *Nunez v. State*, 168 Tex.Cr.R. 455, 329 S.W.2d 93 (1959); *Brown v. State*, 166 Tex.Cr.App. 322, 313 S.W.2d 297 (1958); 11 Tex.Digest, Crim.Law, § 394.5(1); · 51 Tex.Jur.2d, Searches and Seizures, § 42, p. 729. Thus, the court erred in refusing to require the State to produce that which was available and in the State's possession. However, the error was waived when the appellant took the witness stand and admitted that he was in possession of all of the items taken in the search. *Nelson v. State*, 509 S.W.2d 367 (Tex.Cr.App.1974); *Corbell v. State*, 508 S.W.2d 86 (Tex.Cr.App.1974).

Finding no abuse of discretion, the judgment is affirmed.

## ON MOTION FOR REHEARING

ODOM, Judge, dissenting.

I dissent to the majority's decision to overrule appellant's motion for rehearing without written opinion. On original submission a panel of this Court held that the issue of the lawfulness of the search and seizure was waived when appellant testified and admitted possession of the seized property. By motion for rehearing appellant pointed out that the panel decision was in conflict with *Thomas v. State*, Tex.Cr.App., 572 S.W.2d 507, 512 (on motion for rehearing), at 516, in which the Court, speaking through Presiding Judge Onion, held:

". . . the harmful effect of improperly admitted evidence which is obtained by illegal police practices is not cured when a defendant gives testimony on direct examination which establishes the same or similar facts *unless the state can show* that its illegal action in obtaining and introducing the evidence did not impel the defendant's testimony." (Emphasis added.)

The State did not discharge its burden under *Thomas*, and appellant is entitled to consideration of the ground of error on the merits. To the Court's refusal to give equal application of the *Thomas* holding to the facts of this case, I respectfully dissent.

ROBERTS and CLINTON, JJ., join in this dissent.

*State*, supra, were cited with approval. *Walker* was reversed for the failure of the State to show that *Walker* knew the property was stolen. *Walker* can be distinguished on its facts.

There was no showing that Walker was in possession of other stolen property, and V.T. C.A., Penal Code, § 31.03(c)(1), did not come into play and was not discussed.