Sam HOOVER, Appellant,

v.

The STATE of Texas, Appellee.

No. A14–84–456–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Feb. 13, 1986.

Rehearing Denied Feb. 27, 1986.

Windi Akins, Houston, for appellant.

Calvin A. Hartman, Winston E. Cochran Jr., Charles A. Rosenthal, Asst. Dist. Atty., Houston, for appellee.

Before J. CURTISS BROWN, C.J., and SEARS and ELLIS, JJ.

## OPINION

J. CURTISS BROWN, Chief Justice.

The appellant was found guilty by the court of the offense of theft by receiving. The court assessed punishment at fifteen years in the Texas Department of Public Corrections. Appellant brings some twelve grounds of error on appeal. We reverse.

On or about January 11, 1983, the apartment of Grace Taylor Robertson was robbed. The property taken in the robbery included a fur coat, hat and diamond rings. On January 15, 1983, Grace Taylor Robertson (hereinafter referred to as Robertson or Milligan) married Dr. W.O. Milligan. In February of 1983 Tracy Allen Farrell contacted appellant in connection with some paintings and a statue stolen from appellant's home. Farrell represented himself as a private investigator who was in the business of assisting people who had lost property. He would assist in the recovery of lost property for payment of a reward or finder's fee. Farrell and appellant entered into a contract for the recovery of appellant's stolen property.

During the course of business between Farrell and appellant the stolen fur coat of Robertson's became a topic of discussion. Appellant talked to Farrell about recovering the coat, and then attempted to locate the coat or someone who might have information concerning its whereabouts. Soon thereafter, Farrell was persuaded to aid the police in recovering Milligan's property.

On March 2, 1983, the police began to tape record the conversations between appellant and Farrell. It was during these conversations that Farrell told appellant that he had signed a contract with Dr. Milligan for the recovery of the coat which provided $7,500 as payment for the return of the coat.

On March 3, 1983, appellant brought the coat to Farrell's office. The exchange of money for the coat between appellant and Farrell was videotaped by the police. Appellant was arrested when he left Farrell's office with the reward money.

The indictment returned against appellant alleges that the complaining witness is GRACE MILLIGAN. Appellant argues that there is a fatal variance in the indictment since the evidence testified to at trial shows that on January 11, 1983, the complainant was known only as GRACE TAYLOR ROBERTSON. Thus, as appellant contends, the State has failed to show ownership in the coat by GRACE MILLIGAN. Where there is evidence to substantiate the reason for a variance then such variance is not material or fatal. *Herrera v. State*, 623 S.W.2d 940 (Tex.Crim.App. 1981); *Murphy v. State*, 424 S.W.2d 231 (Tex.Crim.App.1968). The evidence presented at trial showed that Grace Taylor Robertson married Dr. Milligan four days after the theft, thus, showing that Grace Taylor Robertson and Grace Milligan were one and the same. This ground of error is overruled.

In his seventh and eighth ground of error appellant argues that the court erred in admitting evidence of an extraneous offense and then improperly allowed the state to bolster this unimpeached testimony. The State offered the testimony of John Minter who had purchased a diamond ring from appellant one day after the robbery of Grace Taylor Robertson. The State argues that this evidence was proper impeachment evidence since appellant denied having any dealings with Minter. The instant case involved the theft of a fur coat and not a diamond ring. This evidence was not needed by the State to establish theft by receiving. It has been consistently held that an accused is entitled to be tried on the accusation made in the State's pleading and that he should not be tried for some collateral crime or for being a criminal. *Albrecht v. State*, 486 S.W.2d 97 (Tex.Crim. App.1972). Nor, is it proper for the State to impeach a witness on a collateral matter.

*Flannery v. State*, 676 S.W.2d 369 (Tex. Crim.App.1984). The trial court was in error when it overruled the objection of appellant to the testimony of John Minter. After Minter testified, the State bolstered his testimony by having Deborah Nance testify as to purchasing the same ring from Minter. Bolstering occurs when one item of evidence is improperly used by a party to add credence or weight to some earlier unimpeached piece of evidence offered by the same party. *Lyons v. State*, 388 S.W.2d 950 (Tex.Crim.App.1965); *Pless v. State*, 576 S.W.2d 83 (Tex.Crim.App.1978). The testimony complained of falls within this rule. Nance was put on the stand to bolster the testimony of Minter. The appellant did not attempt to cross-examine Minter or present any evidence tending to impeach his testimony. Nance's testimony was unnecessary to rebut any statement by appellant or support any of the testimony of Minter since Minter's testimony was unimpeached. *Farris v. State*, 643 S.W.2d 694 (Tex.Crim.App.1982).

The State's argument that the appellant failed to preserve error since he failed to object is wholly without merit. At trial, the trial counsel objected to the testimony of Nance in that her testimony would only serve to *enhance* their case. The state argues that the word enhance is not specific enough to focus on the question of *bolstering*. The word *enhance* as defined in Webster's Third New International Dictionary is as follows: "raise, lift, to increase the worth or value of; advance, augment, elevate, highten or increase." We fail to see how the trial judge was not aware that the appellant's objection was to the bolstering effect of Minter's testimony.

Although we find that the court was in error in admitting the testimony of Minter and Nance we find such error to be harmless, since this was a trial before the court, it is presumed the trial court disregarded any inadmissible evidence. *Kimithi v. State*, 546 S.W.2d 323 (Tex.Crim.App. 1977); *Komurke v. State*, 562 S.W.2d 230, 235 (Tex.Crim.App.1978). Appellant's sev-

enth and eighth grounds of error are overruled.

■ In his ninth ground of error the appellant argues that the evidence was insufficient to support a conviction for theft by receiving since the State failed to prove that defendant knew the coat was stolen from Grace Milligan. While the possession of stolen property is not sufficient to show that the accused knew the property was stolen, it is a circumstance to be considered along with other relevant circumstances in drawing an inference that an accused knew that which he possessed was property stolen by another. *Hynson v. State*, 656 S.W.2d 460 (Tex.Crim.App.1983); *Ehrman v. State*, 580 S.W.2d 581 (Tex.Crim.App. 1979). Further, knowledge that goods have been stolen may be established by circumstantial evidence. *Ehrman v. State*, 580 S.W.2d at 583; *Musgrave v. State*, 608 S.W.2d 184, 187 (Tex.Crim.App.1980).

The evidence reveals that Farrell and appellant had discussions concerning the return of the fur coat to Dr. Milligan. Although appellant stated that he was not sure if this was Dr. Milligan's coat he did express some reluctance when Dr. Milligan requested a professional furrier to identify the coat. The appellant then questioned Farrell about the recovery of the stolen jewelry. He later agreed with Farrell that when the furrier was satisfied that this was the correct coat the money would pass. From this evidence, the judge as fact finder, could find that the appellant had knowledge the coat was stolen from Grace Milligan. *See Houston v. State*, 663 S.W.2d 455 (Tex.Crim.App.1984). Appellant's ninth ground of error is overruled.

In his twelfth ground of error appellant asserts that if we exclude the audio tape, videotapes and all other inadmissable evidence, that there is not sufficient evidence to convict the appellant. A review of Farrell's testimony indicates the trier of fact had sufficient evidence to support his conclusion of guilt. *Houston v. State, supra; see Komurke v. State, supra.* Appellant's twelfth ground of error is overruled.

During the trial of appellant the State offered three altered tape recorded conversations between appellant and Farrell. Appellant argues in his fifth ground of error, that the State has failed to comply with five of the seven proper predicate requirements for the admission of a sound recording as set forth in *Edwards v. State*, 551 S.W.2d 731 (Tex.Crim.App.1977). The predicate established in *Edwards* is as follows: (1) a showing that the recording device was capable of taking testimony, (2) a showing that the operator of the device was competent, (3) establishment of the authenticity and correctness of the recording, (4) a showing that changes, additions, or deletions have not been made, (5) a showing of the manner of the preservation of the recording, (6) identification of the speakers, and (7) a showing that the testimony elicited was voluntarily made without any kind of inducement. *Id.* at 733. Appellant argues that the State failed to satisfy requirements one through five.

■ It should be noted that some of the requirements can be inferred from the testimony and need not be shown with the same particularity required for the admission of other mechanically acquired evidence. By having a person who was in a position to hear the conversation testify that he made a tape recording of that conversation and that he listened to the tape recording and found it to coincide with what he heard the parties to say, then one can find the recording device was "capable of taking testimony" and the "operator of the device was competent." *Edwards v. State*, 551 S.W.2d at 733. Farrell testified that he recorded the conversations between appellant and himself, that he listened to the tapes and that such tapes were an accurate reproduction of their conversations. Requirements, one, two and three were satisfied. The fifth part of the test was satisfied by the testimony of Detective Franks who testified that the tapes were marked and kept in the police property room for safekeeping until the time of trial.

■ While the State met six of the seven requirements in establishing their

predicate for the admission of the tapes, the State failed to show that no changes, additions or deletions were made in the tapes. In fact, the State admitted that certain deletions were made so as to exclude exculpatory statements of appellant. We feel that the court was in error when it admitted the altered tapes. *See Roy v. State,* 608 S.W.2d 645 (Tex.Crim.App.1980); *Peteet v. State,* 631 S.W.2d 816 (Tex.App.— Fort Worth 1982, no pet.); *Cf. Quinones v. State,* 592 S.W.2d 933, 944 (Tex.Crim.App. 1980) (En Banc), *cert. denied,* 449 U.S. 893, 101 S.Ct. 256, 66 L.Ed.2d 121 (1980).

We feel that the proper procedure for the State to have followed would have been to treat the tapes, with their exculpatory statements, the same as a confession. The State should have authenticated the tapes in full, but offered an abridged version which omitted appellant's exculpatory statements. *Martin v. State,* 630 S.W.2d 952, 956 (Tex.Crim.App.1982). Although we find that the tapes were admitted without the proper predicate being established, such error was harmless because we have found the evidence to be sufficient to sustain the conviction without the tapes.

In his first three grounds of error appellant complains of the trial court's failure to grant his motion to quash the indictment. The indictment in part reads:

"appropriate by acquiring and otherwise exercising control over stolen property, namely, one fur coat, of the value over ten thousand dollars, owned by GRACE MULLIGAN, *with the intent to deprive* the owner of the property and knowing the property was stolen from the owner by another person whose name is unknown."

In his motion to quash the appellant argued that the indictment failed to specify the manner in which he intended to deprive complainant of her property and is insufficient to put defendant on notice of the manner of deprivation the State will rely on at trial. Thus, he has been deprived of a fair and adequate notice of the charges against him so as to adequately prepare his defense.

The gravamen of appellant's contention is that TEX.PENAL CODE ANN. 31.01(3) (Vernon 1974), provides three definitions of the term deprive and that the term deprive goes to an act or omission of the defendant. Thus, the State should be required to specify which of these three definitions it seeks to use to convict the defendant. Under TEX.PENAL CODE ANN. 31.01(3) the term "deprive" means:

"(A) to withhold property from the owner permanently or for so extended a period of time that a major portion of the value or enjoyment of the property is lost to the owner,

(B) to restore property only upon payment of reward or other compensation; or

(C) to dispose of the property in a manner that makes recovery of the property by the owner unlikely."

Our inquiry, therefore, is limited to the issue of whether, upon the timely filing of a motion to quash, this indictment was adequate to provide notice of the accusations against the accused.

In the present case, while "deprive" is statutorily defined, the statute provides more than one definition. The statute provides three different and distinct ways of establishing the accused's conduct. The accused is left to guess or assume that the State is going to prove one or all of the types of conduct. It is clear that even though an act or omission by a defendant is statutorily defined, if that definition provides for more than one manner or means to commit that act or omission, then upon timely request, the State must allege the particular manner or means it seeks to establish. *Ferguson v. State,* 622 S.W.2d 846 (Tex.Crim.App.1980) (On Rehearing); *McBrayer v. State,* 642 S.W.2d 504 (Tex. Crim.App.1982). Additionally, the indictment in the present case would not serve as an adequate bar to future prosecutions. If the State had failed to prove that the appellant deprived Milligan of the coat only to return it upon payment of reward or compensation, nothing in the record indicates that they could not reindict appellant

or attempt to establish that he took the coat so as to deprive Milligan of the coat for an extended period of time such that a major portion of the value or enjoyment of the property was lost. *See Ferguson v. State*, 622 S.W.2d at 851.

It was error for the court to overrule appellant's motion to quash the indictment.

We have reviewed appellant's other grounds of error, none of which challenge the sufficiency of the evidence, and find them to be either without merit or, if any of them demonstrate error, we do not believe that upon retrial such errors will reoccur. They are therefore overruled.

Since the indictment fails to give adequate notice and will not serve as a bar to future prosecutions, the trial court erred in denying the appellant's motion to quash.

We therefore order the judgment reversed and the cause remanded to the trial court with instructions to dismiss the indictment.

SEARS, Justice, dissenting.

I respectfully dissent.

The indictment alleges Appellant knew the property was stolen from Grace Milligan; however, there is no evidence in the record that would show proof of such knowledge beyond a reasonable doubt. There was a recorded discussion between Farrell and Appellant concerning the fur coat, but Appellant expressly stated he didn't know if the coat was Milligan's. He expressed the belief that Dr. Milligan would buy the coat anyway because it was one of the finest furs Appellant had ever seen. Farrell had no knowledge regarding the true owner of the coat or the person who brought the coat to Appellant. Without proof that Appellant knew the coat belonged to Grace Milligan, he must be found not guilty.

The name of the person from whom property is stolen is not an element of the offense with which Appellant is charged. *See* Tex.Penal Code Ann. § 31.03(b)(2) (Vernon Supp.1985). However, when the state makes unnecessary allegations which are descriptive of that which is legally essential to charge a crime, the state is then required to prove the unnecessary allegation along with the essential elements of the crime. *Weaver v. State*, 551 S.W.2d 419 (Tex.Crim.App.1977). Where the accused is charged with knowledge of the name of the person from whom property is stolen and the proof fails to establish that knowledge, the evidence is insufficient to support a conviction. *Matthias v. State*, 695 S.W.2d 736 (Tex.App.—Houston [14th Dist.] 1985, pet. pending); *Franklin v. State*, 659 S.W.2d 831 (Tex.Crim.App.1983).

Accordingly, I would reverse the judgment of the trial court with instructions to acquit. *Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); *Greene v. Massey*, 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978).