Scott Jr-LL v. State 















IN THE
TENTH COURT OF APPEALS
 

No. 10-92-181-CR

     LLOYD LEE SCOTT, JR.,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the 182nd District Court
Harris County, Texas
Trial Court # 626,782
                                                                                                    

O P I N I O N
                                                                                                    

      Appellant Lloyd Lee Scott, Jr. was charged by information with the offense of possession of
cocaine, to which Appellant pleaded guilty pursuant to a plea bargain. The trial court approved
the plea bargain and assessed punishment at four (4) years probation, a $500 fine, and 160 hours
of community service, from which this appeal is made upon three points of error. We have
carefully considered these points of error and hereby overrule same and affirm the trial court's
judgment.
      Officer Shinneman of the Harris County Sheriff's Office was driving down Esther Street when
he observed Appellant walking towards the side of the street. Appellant then walked into the
street, staggering slightly towards the center of the roadway as he walked. The officer noticed that
Appellant was carrying an open container of alcohol. The officer stopped behind Appellant and
asked him to come over to the patrol car. As Appellant approached, the officer noticed a strong
odor of alcohol about his person as well as bloodshot eyes. Because of Appellant's manner of
walk, the open container of alcohol, and the strong odor of alcohol on his person, Officer
Shinneman felt that if he allowed Appellant to continue on his way in this intoxicated state, he
might be struck by a vehicle. Thereupon, the officer placed Appellant under arrest. A subsequent
search revealed a small metal tube and rod in Appellant's right-front pocket which contained trace
amounts of cocaine.
      Appellant filed a motion to suppress evidence of the tube, rod and cocaine, supported by three
affidavits from his mother and friends who stated that Appellant was not intoxicated, had not been
drinking, and was not walking in the street. The State filed Officer Shinneman's affidavit in reply
to Appellant's motion to suppress and to the three affidavits. The trial court conducted a hearing,
based upon the affidavits, after which the court denied Appellant's motion to suppress.
      By his first point of error Appellant contends that the trial court erred in denying his motion
to suppress evidence recovered pursuant to Appellant's arrest for public intoxication.
      The trial court is the sole and exclusive trier of fact and judge of the credibility of the
witnesses, as well as the weight to be given their testimony at a hearing on a motion to suppress. 
Romero v. State, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990). His findings concerning the
admissibility of evidence should not be disturbed absent a clear abuse of discretion. Rivera v.
State, 808 S.W.2d 80, 96 (Tex. Crim. App. 1991). Upon review, the evidence adduced at a
suppression hearing is reviewed in the light most favorable to the trial court's ruling in
determining whether the trial court abused its discretion in denying the motion to suppress. 
Daniels v. State, 718 S.W.2d 702, 704 (Tex. Crim. App. 1986). An appellate court is not at
liberty to disturb any finding which is supported by the record. Johnson v. State, 803 S.W.2d
272, 287 (Tex. Crim. App. 1990).
      Officer Shinneman's affidavit stated that Appellant was first arrested and then searched. 
According to said affidavit it can be clearly inferred that Appellant was arrested for public
intoxication. Accordingly, Appellant's subsequent search was a search incident to arrest. Snyder
v. State, 629 S.W.2d 930, 934 (Tex. Crim. App. 1982). The question then is whether there was
probable cause to believe that Appellant was guilty of public intoxication.
      Texas Penal Code article 42.08(a) reads as follows:
"(a) An individual commits an offense if the individual appears in a public place
under the influence of alcohol or any other substance, to the degree that the individual
may endanger himself or another."

      The essential element of article 42.08(a) is that the individual must be intoxicated to the extent
that he may endanger himself or another. Dickey v. State, 552 S.W.2d 467, 468 (Tex. Crim. App.
1977). It is well settled that proof of potential danger either to the accused or others is sufficient
to establish the essential element. White v. State, (Tex. App.—San Antonio 1986, no pet.) 714
S.W.2d 78, 79; also see Balli v. State, 530 S.W.2d 123 (Tex. Crim. App. 1975), overruled on
other grounds, 540 S.W.2d 314, 317 (Tex. Crim. App. 1976).
      In the case at bar, Officer Shinneman's affidavit specifically stated his reasons for believing
Appellant was intoxicated and a danger to himself. Appellant had an open container of alcohol,
his eyes were bloodshot, he smelled strongly of alcohol, and he was staggering down the street. 
It was reasonable for the officer to fear that Appellant, if left to continue in his current state, might
be struck by a car traveling down the street.
      Appellant urges this court to believe the affidavits of Appellant's mother and friends, asserting
that Appellant was not intoxicated, over the affidavit of Officer Shinneman. This is not the correct
standard of appellate review. An appellate court is not at liberty to disturb any finding of the trial
court which is supported by the record. Johnson v. State, 803 S.W.2d 272 at page 287. If Officer
Shinneman's affidavit is to be believed, then clearly he had probable cause to arrest Appellant.
      Given the evidence in the light most favorable to the trial court's ruling, we believe and hold
that the trial court did not abuse its discretion in determining that the evidence was sufficient for
the officer to arrest Appellant for public intoxication. We accordingly overrule Appellant's first
point of error.
      By his second point of error, Appellant contends that there was no evidence to support the
trial court's ruling (wherein the court denied Appellant's motion to suppress), because none of the
affidavits were formally introduced into evidence. Article 28.01, section 1(6) of the Texas Code
of Criminal Procedure provides:
"(6) Motion to Suppress Evidence. When a hearing on the motion to suppress
evidence is granted, the court may determine the merits of said motion on the motions
themselves, or upon opposing affidavits, or upon oral testimony, subject to the discretion
of the court."

      Appellant filed his motion to suppress with the attached affidavits on April 13, 1992. The
State filed Officer Shinneman's affidavit on April 16, 1992. The trial court, prior to its ruling at
the hearing, stated that the court had read the affidavits from both sides, and memoranda in
support of the motion to suppress, and asked if either side had any argument. The defense made
an argument, the State made none; whereupon, the trial court overruled the motion.
      Appellant now contends that the trial court's ruling was without support because the affidavits
were not formally introduced into evidence.
      The record clearly shows that Appellant's motion to suppress was heard by affidavit. This
method is authorized by article 28.01, section 1(6), hereinabove quoted. Ackenbach v. State,
(Tex. App.—Houston [1st Dist.] 1990, pet. ref'd) 794 S.W.2d 567 at p. 573. These affidavits
were filed with, and considered by, the court. There is no requirement that these affidavits be
formally submitted in evidence, and clearly such requirement cannot be read into article 28.01,
section 1(6), when the same section allows the court to determine the motion "on the basis of the
motions themselves." Moreover, a trial judge may take judicial notice of the records of his own
court. Ehrman v. State, 580 S.W.2d 581, 583 (Tex. Crim. App. 1979). We overrule Appellant's
second point of error.
      As stated, the court heard Appellant's motion to suppress by affidavits as provided for in art.
28.01, § 1(6), Tex. Code Crim. Proc. By his third and final point of error, Appellant argues
that this procedure is violative of the State and Federal Constitutions. More specifically,
Appellant contends that this procedure violated his right to confront and cross-examine witnesses
under the Sixth Amendment to the U.S. Constitution and Article I, Section 10 of the Texas
Constitution, and Appellant's right to due process and due course of law under the Fourteenth
Amendment to the U.S. Constitution and Article I, Section 19 of the Texas Constitution.
      Our Court of Criminal Appeals has noted the discretionary nature of article 28.01, section
1(6) in that the trial court need not even conduct a pretrial motion to suppress. Calloway v. State,
743 S.W.2d 645 at p. 649 (Tex. Crim. App. 1988). Moreover, Appellant's arguments that article
28.01, section 1(6) is unconstitutional as a violation of due process and Appellant's right to
confrontation have been rejected in Ackenback, 794 S.W.2d at 573. Appellant's third and final
point of error is overruled.
      Judgment of the trial court is affirmed.
 
                                                                                     JOHN A. JAMES, JR.
                                                                                     Justice (Retired)

Before Justice Cummings,
      Justice Vance, and
      Justice James (Retired)
Affirmed
Opinion delivered and filed March 10, 1993
Do not publish